UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8394 CAS (SSx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | AMANDA SATERIALE; ET AL. v. R.J. REYNOLDS TOBACCO CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NOT PRESENT | NOT PRESENT |

**Proceedings:** **(In Chambers): DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT. TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)** (filed 03/22/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The hearing date of May 10, 2010, is hereby vacated and the matter is hereby taken under submission.

**I.     INTRODUCTION AND BACKGROUND**

On November 16, 2009, plaintiffs Amanda Sateriale, Jeffrey Feinman, Pamela Burns, Patrick Griffiths, Jackie Warren, and Donald Wilson, individually and on behalf of all persons similarly situated, filed suit against defendant R.J. Reynolds Tobacco Company ("RJR"). On February 22, 2010, plaintiffs filed their first amended complaint ("FAC"), alleging claims for: 1) breach of contract; 2) promissory estoppel; 3) unfair competition under Cal. Bus. & Prof. Code § 17200 et seq.; and 4) deceptive practices pursuant to the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 et seq.

Plaintiffs allege that beginning in 1991, RJR conducted the "Camel Cash" program, under which it sold Camel cigarettes along with certificates redeemable for merchandise described in catalogs circulated by RJR. FAC ¶¶ 2, 9. Plaintiffs allege that they either purchased Camel cigarettes and the Camel Cash certificates packaged with those cigarettes, or purchased Camel Cash through secondary market transactions. FAC ¶ 6. Plaintiffs further allege that RJR discontinued redemption of Camel Cash on March 31, 2007, and that thereafter plaintiffs were unable to redeem their Camel Cash for merchandise. FAC ¶ 3.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8394 CAS (SSx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | AMANDA SATERIALE; ET AL. v. R.J. REYNOLDS TOBACCO CO. | | |

On March 22, 2010, defendant filed the instant motion to dismiss plaintiffs' FAC, or in the alternative to strike superfluous and improper allegations. On April 19, 210, plaintiffs filed an opposition. A reply was filed on April 26, 2010. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8394 CAS (SSx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | AMANDA SATERIALE; ET AL. v. R.J. REYNOLDS TOBACCO CO. | | |

presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

### A.   Lack of Standing

To establish standing, plaintiffs must allege facts showing that (1) they have suffered an "injury in fact," meaning an invasion of a legally protected interest which is both "concrete and particularized" and not "conjectural or hypothetical," (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. Coho Salmon v. Pac. Lumber Co., 30 F. Supp. 2d 1231, 1237 (N.D. Cal. 1998) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

Defendant argues that plaintiffs fail to allege facts showing eligibility to redeem Camel Cash, and thus lack standing to sue. Mot. at 6. Defendant asserts that the FAC specifically pleads that all consumers were not eligible to redeem merchandise under the Camel Cash program, but instead that "[t]he Camel Cash program was open only to smokers 21 years or older." Id. (citing FAC ¶¶ 21-22). However, defendant argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8394 CAS (SSx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | AMANDA SATERIALE; ET AL. v. R.J. REYNOLDS TOBACCO CO. | | |

O

the FAC does not allege any facts showing that plaintiffs were eligible to participate in the Camel Cash program, specifically that they were "smokers 21 years or older." Id. at 7. Defendant contends that plaintiffs' failure to allege that they were "smokers 21 years of age or older," and therefore eligible to redeem merchandise described in RJR's catalogs, is fatal to each of plaintiffs' claims, because plaintiffs have failed to show that they suffered an "injury in fact." Id. Moreover, defendant asserts that plaintiffs are not entitled to the speculative inference that they were in fact smokers over the age of 21. Id. (citing Johnson v. Weinberger, 851 F.2d 233, 235 (9th Cir. 1988)). Plaintiffs respond that because the complaint repeatedly pleads that plaintiffs were injured by defendant's conduct, it can be inferred that they were eligible to participate in the Camel Cash program. Opp'n at 5-6.

The Court concludes that the FAC does not allege sufficient facts to show that plaintiffs were eligible to participate in the Camel Cash program, because it failed to allege that plaintiffs were "smokers 21 years or older." Therefore, plaintiffs have failed to show that they suffered an "injury in fact" resulting from "an invasion of a legally protected interest." See Lujan, 504 U.S. at 560. Accordingly, the Court GRANTS defendant's motion to dismiss.

### B.     Additional Arguments

Because the Court grants the motion to dismiss the FAC on standing grounds, it does not reach defendant's remaining arguments.

## IV.    CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion to dismiss the FAC with leave to amend. Plaintiffs shall file an amended complaint curing the defects noted herein within thirty (30) days after the filing of this order. Plaintiffs are admonished that in the event that they do not amend their complaint within thirty (30) days, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8394 CAS (SSx) | Date | May 3, 2010 |
|---|---|---|---|
| Title | AMANDA SATERIALE; ET AL. v. R.J. REYNOLDS TOBACCO CO. | | |

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |