UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:**    (IN CHAMBERS): DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (dkt. 86, filed June 16, 2014).

## I.    INTRODUCTION

On November 16, 2009, plaintiffs Amanda Sateriale, Jeffrey Feinman, Pamela Burns, Patrick Griffiths, Jackie Warren, and Donald Wilson, individually and on behalf of all persons similarly situated, filed suit against defendant R.J. Reynolds Tobacco Company ("RJR"). Dkt. 1. Plaintiffs filed a first amended class action complaint on February 22, 2010, dkt. 21, and RJR moved to dismiss on March 22, 2010, dkt. 24. The Court granted RJR's motion with leave to amend on May 3, 2010, dkt. 31, and plaintiffs filed a corrected second amended class action complaint ("SAC") on May 24, 2010, dkt. 35. RJR moved to dismiss plaintiffs' SAC on May 27, 2010, dkt. 37, and the Court again granted RJR's motion with leave to amend on July 12, 2010, dkt. 46.

Plaintiffs filed the operative third amended class action complaint ("TAC") on August 11, 2010. Dkt. 47. The complaint alleges claims for (1) breach of contract, (2) promissory estoppel, (3) unfair competition under Cal. Bus. & Prof. Code § § 17200 et seq., ("UCL") and (4) deceptive practices pursuant to the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq. Id. The gravamen of plaintiffs' complaint is that RJR breached its contractual obligations to plaintiffs—smokers of its Camel brand cigarettes and holders of "Camel Cash" or "C-Notes"—when RJR announced the termination of its Camel Cash loyalty program, but failed to make available limited amounts of merchandise for redemption by plaintiffs with Camel Cash during the final six months of the program.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

The Court dismissed plaintiffs' entire TAC with prejudice on December 7, 2010. Dkt. 55. As is relevant here, the Court found that plaintiffs failed to allege the existence of a valid contract, since the allegations created only "an offer to receive offers." Id. The Court also found that plaintiffs failed to state a claim for promissory estoppel, because RJR's October 1, 2006 announcement that it was terminating its Camel Cash program did "not imply a clear and unambiguous promise to maintain a reasonable quantity of merchandise for any particularized period of time." Id. Plaintiffs filed a notice of appeal on January 6, 2011. Dkt. 56.

On July 13, 2012, the Ninth Circuit affirmed dismissal of plaintiffs' UCL and CLRA claims, but vacated dismissal of the breach of contract and promissory estoppel claims. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 794 (9th Cir. 2012). "In light of the totality of the circumstances surrounding RJR's communications to consumers," id. at 787-88, the Ninth Circuit found that plaintiffs had "adequately alleged the existence of an offer to enter into a unilateral contract, whereby RJR promised to provide rewards to customers who purchased Camel cigarettes, saved Camel Cash certificates and redeemed their certificates in accordance with the catalogs' terms." Id. at 787.[1]

Although the court noted that the alleged offer "left aspects of RJR's performance to RJR's discretion," this did not preclude the existence of an offer where plaintiffs alleged "a contract the essence of which was their general right to redeem their Camel Cash certificates, during the life of the program, for whatever rewards merchandise RJR made available, with RJR's discretion limited only by the implied duty of good faith performance," id. at 788.

The court further found that the alleged contract did not fail for indefiniteness, since its terms provided a basis for determining breach and an appropriate remedy. Specifically, the court found that breach would be "readily discernable" where plaintiffs alleged that RJR was "required to make reasonable quantities of rewards merchandise available during the life of the Camel Cash program," but allegedly failed to make any

---

[1] The Ninth Circuit denied RJR's request for rehearing and rehearing en banc on August 22, 2012. Id. at 782. In so doing, the court amended its opinion, finding that RJR had "fair notice of the plaintiffs' theory that contractual liability arose from these acts of performance, and the issue was fairly presented to this court." Id. 788, n.4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

merchandise available. Id. at 789. The court also found that damages might be assessed with reference to RJR's internal documents assigning values to C-Notes, or by looking at "RJR's final rewards catalog and pre-breach performance." Id. at 789.

    The court also noted that, had RJR reserved an unrestricted right to terminate the Camel Cash program at will, this reservation might have precluded RJR's communications from constituting an offer, and rendered RJR's promise to perform too illusory to be enforceable. Id. at 791. However, the court found that plaintiffs did not allege that RJR reserved an unrestricted right to terminate; rather, plaintiffs alleged only that "[c]*ertain* (but not all) of the Camel Cash catalogs state that Reynolds could terminate the Camel Cash program without notice," id. at 791-92.

    With regard to promissory estoppel, the court concluded that plaintiffs had adequately alleged a clear and unambiguous promise—namely, "the C–Notes promised consumers that if they saved C–Notes and redeemed them for rewards merchandise in accordance with the catalog, RJR would provide the merchandise." Id. at 792. Moreover, even if this promise were implied, the court found that the promissory estoppel claim could nonetheless proceed under California law. Id.

    After conducting discovery on plaintiffs' two remanded claims, RJR filed a motion for summary for judgment on June 16, 2014. Dkt. 86.[2] Plaintiffs opposed the motion on July 21, 2014, dkt. 106, and RJR replied on August 4, 2014, dkt. 113.[3] Plaintiffs

---

    [2] On that same date, RJR also filed a request for judicial notice. Dkt. 93. RJR requests that the Court take notice of the two briefs filed by plaintiffs in the Ninth Circuit in their appeal of this Court's December 7, 2010 order. Id. These two briefs are matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of 'matters of public record.'"). Accordingly, the request for judicial notice is GRANTED. The Court recognizes that plaintiffs' appellate briefing argues that RJR breached a bilateral contract, and is thus inconsistent with their current contention that RJR breached a unilateral contract. However, in light of the Ninth Circuit's clear mandate, on remand this Court must consider plaintiffs' unilateral contract theory.

    [3] On September 10, 2014, RJR filed four evidentiary objections to the declaration of Jeffrey Squire, counsel for plaintiffs, and several exhibits attached thereto. Dkt. 123.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

concurrently filed a motion for class certification, dkt. 87, which the Court addresses in a separate order.

On September 15, 2014, the Court heard argument on both the instant motion for summary judgment, as well as plaintiffs' concurrently filed motion for class certification. Dkt. 127. Subsequent to that hearing, the Court requested supplemental briefing from the parties. Dkt. 130. Having carefully considered the parties' arguments and supplemental briefing, the Court finds and concludes as follows.[4]

## II. BACKGROUND

This case arises from a disagreement regarding RJR's obligations to consumers pursuant to its "Camel Cash" program.

The following facts are not in dispute. RJR began distributing Camel Cash in October 1991. Mot. Summ. J. at 7; Opp'n Summ. J. at 1. Camel Cash or "C-Notes" were essentially proofs of purchase, affixed to packages of Camel brand cigarettes. Mot. Summ. J. at 8; Opp'n Summ. J. at 6. The purpose of the Camel Cash program was to market Camel cigarettes to adult smokers. Answer TAC ¶ 24. Adult smokers could collect the C-Notes and exchange specified quantities for a variety of items, including non-tobacco merchandise, product, or product coupons. Id. ¶ 2. The parties agree that the term "product" refers to cigarettes. See id. The number of C-Notes required in order to obtain these items varied. Id. ¶ 29. The items were advertised in catalogs, which were initially available in print but, as of 2005, were published exclusively online at the Camel brand website. Mot. Summ. J. at 8; Opp'n Summ. J. at 10. Each catalog offered a variety of items, and each catalog stated that the items contained within it were only available for redemption with C-Notes for a specified period of time—i.e., when that specific catalog

---

The Court notes that these objections were filed more than seven weeks after plaintiffs lodged the Squire Declaration, and that three of the four objections are made to evidence that RJR itself produced during discovery. In any event, the Court OVERRULES these objections as moot because the Court does not rely on the objected-to evidence in ruling on RJR's motion.

[4] RJR also filed a motion for sanctions on July 10, 2014. Dkt. 100. The resolution of that motion is addressed in a separate order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL       'O'

| | | | |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

expired. Mot. Summ. J. at 8; Opp'n Summ. J. at 3. Although the catalogs expired, the C-Notes themselves did not contain expiration dates and C-Notes could be saved for use in future catalogs. See generally Mot. Summ. J.; Opp'n Summ. J. at 7. However, RJR never represented that specific items that were available in one catalog would necessarily be available in subsequent catalogs. See Sateriale, 697 F.3d at 788-89. Nonetheless, prior to October 2006, each catalog contained at least some items for redemption that were not product or product coupons. Plaintiffs' Statement of Genuine Disputes ("PSGD") at 5; Squire Decl. Exs. B, C, KK; Canary-Gardner Decl. Exs. 2-13.

      In July 2006, RJR decided to discontinue the Camel Cash program, effective March 31, 2007—a decision that the parties agree RJR had the right to make. Mot. Summ. J. at 10; TAC ¶ 6. In October 2006, RJR attempted to notify adult smokers that their C-Notes could only be redeemed through March 31, 2007. Mot. Summ. J. at 10-11; Opp'n Summ. J. at 12-13. RJR's notification included sending a direct-mail piece to approximately 142,000 adult smokers who had redeemed C-Notes since 2002, hiring an outside firm to telephone those same smokers, and emailing some 600,000 adult smokers on RJR's mailing list. Id. The direct mail notice provided:

> As a loyal Camel smoker, we wanted to tell you our Camel Cash program is expiring. C-Notes will no longer be included on packs, which means whatever Camel Cash you have is among the last of its kind. Now, this isn't happening overnight-there'll be plenty of time to redeem your C-Notes before the program ends. In fact, you'll have from October '06 through March '07 to go to camelsmokes.com and redeem your C-Notes. Supplies will be limited, so it won't hurt to get there before the rush.

Mot. Summ. J. at 11; TAC ¶ 33. From October 2006 through March 2007, C-Notes could only be exchanged for "product or product coupons." Answer TAC ¶ 2.

      Although the foregoing facts are undisputed, the parties vigorously dispute the characterization of this lawsuit and the facts that are material to its resolution.

      The entirety of RJR's motion is premised on its assertion that "[t]his lawsuit concerns R.J. Reynolds Tobacco Company's final *Camel Cash* promotion, which ran from October 1, 2006 through March 31, 2007." Mot. Summ. J. at 1. Thus, RJR's communications—and plaintiffs' actions—are only relevant to the extent that they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

occurred within this six month time frame. See generally Mot. Summ. J. With that underlying framework, RJR argues that plaintiffs' claims necessarily fail, since it is undisputed that the terms and conditions of the "final Camel Cash promotion" provided RJR the right to terminate the promotion at any time, without notice; accordingly, this renders any promise RJR might have made illusory and unenforceable. Mot. Summ. J. at 1.

Assuming *arguendo* that this final promotion constituted an offer to enter into a unilateral contract, RJR asserts that plaintiffs could only accept that offer through performance—specifically, by "redeeming their certificates [C-Notes] in accordance with the catalog's terms." Id. at 4. RJR also disputes that C-Note holders were required to "enroll" in Camel Cash in order to participate, maintaining that no such "enrollment process" existed. Id. According to RJR, because it is undisputed that plaintiffs did not redeem any items from the Camel website between October 2006 and March 2007, plaintiffs did not form a contract with RJR as a matter of law. Id.

RJR further argues that, because the undisputed evidence demonstrates that C-Notes could be exchanged for product (cigarettes) and coupons for product during the six month "final Camel Cash promotion," plaintiffs' claim that RJR breached the unilateral contract by failing to provide "any merchandise" during that time period necessarily fails. Id. at 1. Similarly, RJR asserts that the promissory estoppel claim must fail because, among other things, it too is predicated on RJR's alleged promise, and failure, to make any merchandise available. Id. at 20.

In contrast, plaintiffs assert that this dispute concerns a contract formed over the course of fifteen years, "from 1991 through March 2007, [when] RJR sold packs of cigarettes together with coupons—C-Notes—as part of RJR's on-going Camel Cash loyalty program (the 'Program')." Opp'n Summ. J. at 1. Pursuant to plaintiffs' characterization of the contract, RJR's issuance of C-Notes over the course of fifteen years constituted offers to enter into a contract. Id. 19-20. Specifically, the offer expressed a promise that plaintiffs would be able to redeem their C-Notes for merchandise for the life of the Program. Id. According to plaintiffs, that offer could be accepted by "enroll[ing] in the Program and sav[ing] C-Notes." Id. at 1. Ultimately, plaintiffs contend that RJR breached the implied covenant of good faith inherent in the contract when it only made product and coupons for product available to redeem with C-Notes during the final six months of the Camel Cash program. Id. at 25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

### III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### IV. ANALYSIS

As a preliminary matter, the parties disagree as to whether the existence of the unilateral contract should be determined by looking to RJR's communications to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

consumers between 1991 and March 31, 2007, or only to RJR's communications during the final six months of the Camel Cash program. As discussed above, defendants maintain that the offer to enter into a unilateral contract—if it existed at all—was confined to the "final Camel Cash promotion," which ran from October 1, 2006 through March 31, 2007. Mot. Summ. J. at 5. Plaintiffs contend that the offer was actually an "on-going Camel Cash loyalty program," that began in 1991 and ended March 31, 2007. Opp'n Summ. J. at 1.

Under the doctrine of law of the case, "the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." Herrington v. Cnty. of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993). "For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." United States v. Jingles, 702 F.3d 494, 499 (9th Cir. 2012) cert. denied, 133 S. Ct. 1650 (2013) (internal quotation marks omitted).

Here, the Ninth Circuit held that plaintiffs stated a claim for breach of a unilateral contract. To reach that conclusion, the court decided "whether the C–Notes, read in isolation or in combination with the catalogs, may have constituted an offer." Sateriale, 697 F.3d at 784. The court answered that question affirmatively, finding that plaintiffs had "adequately alleged the existence of an offer to enter into a unilateral contract, whereby RJR promised to provide rewards to customers who purchased Camel cigarettes, saved Camel Cash certificates and redeemed their certificates in accordance with the catalogs' terms." Id. at 787. The court reached this conclusion "in light of the totality of the circumstances surrounding RJR's communications to consumers," id. at 787-88, and in no way indicated that those communications were limited to the period beginning October 1, 2006, and ending March 31, 2007. Rather, the court spoke in terms of a "Camel Cash program," and based its conclusion in part on the alleged substantial reliance of "consumers who were expected to purchase Camel cigarettes and accumulate Camel Cash certificates for a period of weeks, months or even years," id. at 788, n3. (emphasis added). Thus, by necessary implication, the Ninth Circuit found that the offer at issue comprised RJR's communications to consumers over the course of the fifteen-year life of the Camel Cash program, as alleged by plaintiffs.

Accordingly, the doctrine of law of the case requires that the Court look to RJR's communications concerning Camel Cash from the inception of the program in 1991 to its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

termination on March 31, 2007 in resolving this motion. In so doing, the Court applies California law.[5]

### A. Plaintiffs' Claim for Breach of Contract

A claim for breach of contract under California law consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages resulting from breach. See, e.g., First Comm. Mort. Co. v. Reece, 89 Cal.App.4th 731, 745 (2001). On summary judgment, whether a particular document constitutes a legally binding contract is a matter of law. Schwarzer et al., Cal. Practice Guide: Federal Civil Procedure Before Trial, ¶ 14:215 (citing Lund v. Albrecht, 936 F2d 459, 463 (9th Cir. 1991)); Vacold LLC v. Cerami, 545 F3d 114, 123 (2nd Cir. 2008)).

"In contract cases, summary judgment is appropriate only if the contract or contract provision in question is unambiguous." Castaneda v. Dura–Vent Corp., 648 F.2d 612, 619 (9th Cir.1981). "The determination of whether contract language is ambiguous is a question of law." O'Neil v. United States, 50 F.3d 677, 682 (9th Cir.1995). If a contract is ambiguous, "ordinarily summary judgment is improper as differing views of the intent of parties will raise genuine issues of material fact." United States v. Sacramento Municipal Utility Dist., 652 F.2d 1341, 1344 (9th Cir.1981).

Under California law, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity," and "[w]hen a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible." Cal. Civ.Code §§ 1638–1639. "The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." Id. § 1644. Finally, "[a] contract must receive such an interpretation as will make it lawful, operative,

---

[5] In the Court's concurrently issued order addressing plaintiffs' motion for class certification, the Court certified a California-only class, concluding that variations in state contract law precluded certification of a nationwide class.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties." Id. § 1643

For the reasons set forth below, the Court finds that there is a genuine dispute of material fact concerning the terms of the unilateral contract.

### 1. Existence of a Unilateral Contract

"In contrast to a bilateral contract, a unilateral contract involves the exchange of a promise for a performance." Sateriale, 697 F.3d at 785 (citing Harris v. Time, Inc., 191 Cal. App. 3d 449, 237 (1987)). The offer is accepted by performing, rather than by providing a promise to perform. See Restatement (Second) of Contracts § 45, cmt. a. (1981).

The Ninth Circuit held that "plaintiffs ha[d] adequately alleged the existence of an offer to enter into a unilateral contract, whereby RJR promised to provide rewards to customers who purchased Camel cigarettes, saved Camel Cash certificates and redeemed their certificates in accordance with the catalogs' terms." Id. at 787. Further, the Court found that the essence of the alleged contract was plaintiffs' "general right to redeem their Camel Cash certificates, during the life of the program, for whatever rewards merchandise RJR made available, with RJR's discretion limited only by the implied duty of good faith performance." Sateriale, 697 F.3d at 788. The Court must determine whether, as a matter of law, the evidence supports the existence of an offer to enter into a unilateral contract creating this right, and whether plaintiffs accepted that offer. See Donovan v. RRL Corp., 26 Cal. 4th 261, 272, (2001), as modified (Sept. 12, 2001) (affirming trial court's determination as a matter of law that car advertisement constituted an offer inviting acceptance by tendering payment).

To determine whether RJR's statements constituted such an offer, the operative question under California law is "whether [RJR] in clear and positive terms, promised to render performance in exchange for something requested by the advertiser, and whether the recipient of the advertisement reasonably might have concluded that by acting in accordance with the request a contract would be formed." Sateriale, 697 F.3d at 787 (quoting Donovan, 26 Cal. 4th at 272).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

Although the statements on the issued C-Notes varied over the course of the 15-year Camel Cash program, RJR does not dispute that the following language is representative:

> USE THIS NEW C–NOTE AND THE C–NOTES YOU'VE BEEN SAVING TO GET THE BEST GOODS CAMEL HAS TO OFFER. CALL 1–800–CAMEL CASH (1-800–266–3522) for a free catalog. Offer restricted to smokers 21 years of age or older. Value 1/1000 of 1¢. Offer good only in the USA, and void where restricted or prohibited by law. Check catalog for expiration date. Limit 5 requests for a catalog per household.
>
> USE THIS NEW C-NOTE AND THE C-NOTES YOU'VE BEEN SAVING TO GET THE BEST CAMEL HAS TO OFFER.
>
> This resized Camel Cash C-Note is still your ticket to the greatest stuff around. Call 1–800–CAMEL CASH (1800–266–3522) for a free catalog and see for yourself!
>
> Give This New C-Note A Try, Or Use The C-Notes You've Been Saving. Either Way, You'll Get the Best Goods Camel Has To Offer.
>
> USE THIS C-NOTE AND THE C-NOTES YOU'VE BEEN SAVING TO GET THE BEST CAMEL HAS TO OFFER. CALL 1-800-334-0157 OR LOG ON TO WWW.CAMELSMOKER.COM. OFFER RESTRICTED TO LEGAL AGE SMOKERS.

Squire Decl. Ex. B.[6]

The "clear and positive terms" of these C-Notes could reasonably lead recipients to conclude that, in exchange for RJR's promise to make items available for redemption, RJR was inviting them to purchase cigarettes containing C-Notes, save those C-Notes, and ultimately use those C-Notes to obtain "stuff" and "goods" from RJR. The repeated use of the term "offer" belies any assertion that the C-Notes did not constitute an offer to contract; and the repeated use of the terms "save," "use"—and by necessary implication,

---

[6] As discussed by the Ninth Circuit, the issue "is whether the C–Notes, read in isolation <u>or</u> in combination with the catalogs, may have constituted an offer." <u>Sateriale</u>, 697 F.3d 777 at 784 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

"purchase" more Camels—clearly indicates the manner of acceptance requested. Further, the fact that some of "the catalogs' terms" notified consumers that the Camel Cash program could be terminated without notice—namely, terms of catalogs published in the last five years of the Camel Cash program—does not impact this conclusion; RJR waived any right to terminate without notice when it attempted to notify consumers in October 2006 that the program would terminate on March 31, 2007.[7]

Consequently, the Court finds that the representations on C-Notes constitute an offer by RJR "in clear and positive terms" to make "goods" and "stuff" available for redemption for the life of the Camel Cash program. The Court also finds that RJR invited plaintiffs to accept this offer by purchasing Camel cigarettes and saving the C-Notes included therein.[8]

In its supplemental briefing, RJR vigorously argues that plaintiffs were also required to redeem or attempt to redeem their C-Notes during the final six months of the Program in order to accept RJR's offer. Indeed, the undisputed evidence demonstrates that none of the named plaintiffs redeemed or attempted to redeem during this time period. Construing RJR's offer to require such performance by plaintiffs, however, would render the contract non-existent. "If a contract is capable of two constructions courts are bound to give such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if that can be done without violating the intention of the parties." Rodriguez v. Barnett, 52 Cal. 2d 154, 160 (1959); accord Serv. Employees Internat. Union, Local 18, AFL-CIO v. Am. Bldg. Maint. Co., 29 Cal. App. 3d 356, 359 (Ct. App. 1972) ("It is a fundamental rule of contractual construction that where two interpretations are reasonably permissible, courts will adopt that which renders a contract valid and effectual."); Cal. Civ. Code § 3541 ("An interpretation which

---

[7] Moreover, it is clear from the evidence that each successive Camel Cash catalog contained an expiration date. However, it is equally clear that the C-Notes themselves did not contain expiration dates—until RJR discontinued the Camel Cash program in October 2006.

[8] Although both RJR and plaintiffs devote significant effort disputing whether plaintiffs were required to "enroll" in the Camel Cash program in order to accept RJR's offer, the resolution of this dispute is not relevant to the instant motion, since the C-Notes themselves manifestly do not invite acceptance via enrollment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

gives effect is preferred to one which makes void."); Williston on Contracts § 32:11 (4th ed.) ("[A]n interpretation which renders the contract valid or its performance possible are preferred to those which render it invalid or its performance impossible."). The Court declines to adopt RJR's interpretation, particularly since RJR accrued "substantial benefits . . . by virtue of consumers' reliance on the Camel Cash program." Sateriale 697 F.3d at 790 (quoting Corbin on Contracts § 4.3 (2012) for the proposition that "[i]f one party has greatly benefitted by part performance or if one party has relied extensively on the agreement, the court should go to great lengths to find a construction of the agreement that will salvage it.").

Moreover, the Ninth Circuit found that plaintiffs had alleged a contract, "the essence of which was their general right to redeem their Camel Cash certificates, during the life of the program, for whatever rewards merchandise RJR made available, with RJR's discretion limited only by the implied duty of good faith performance." Sateriale 697 F.3d at 788 (emphasis added). Construing RJR's offer to require acceptance by redeeming C-Notes, rather than by purchasing Camels and saving C-Notes, is incongruous with such a "right to redeem." Simply put, if redemption is the right created by the contract, it cannot also be the method of acceptance.

Further, even accepting RJR's assertion that plaintiffs were required to redeem items during the last six months of the program in order to accept the offer, RJR would still be required to perform under the contract. Once an offer for a unilateral contract is made, and part of the requested performance has been rendered by the offeree, the offer cannot be unilaterally revoked or modified. Restatement (Second) of Contracts, § 45, cmt. a (1981); see also A. Farnsworth, Contracts § 3.4 (2d ed.1990); 1 Arthur L. Corbin, Corbin on Contracts § 70 (1963).[9] Indeed, the beginning of performance "completes the manifestation of mutual assent and furnishes consideration" for the unilateral contract. Restatement (Second) of Contracts § 45, cmt. d (1981); see also id. ("If the invited performance takes time, the invitation to perform necessarily includes an invitation to begin performance.").

---

[9] The Ninth Circuit articulated the proposition accordingly: "[A]s a general matter [] an offeree's part performance may render an offer to enter into a unilateral contract irrevocable . . . [unless] the offer expressly reserves the right to revoke." Sateriale, 697 F.3d at 791, n.8. The C-Notes do not expressly reserve such a right. See supra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

Although an offeror's duty to perform may be excused if the offeree merely begins but never completes performance, complete performance by the offeree may be excused "if the offeror prevents performance, waives it, or repudiates." Restatement (Second) of Contracts § 45, cmt. e (1981). RJR correctly points out that the doctrine of anticipatory repudiation does not apply to unilateral contracts under California law. Diamond v. Univ. of So. California, 11 Cal. App. 3d 49, 53 (1970). However, RJR cites no such authority for prevention of performance. Here, plaintiffs were able to purchase and save C-Notes, but the undisputed evidence demonstrates that RJR prevented plaintiffs from using their C-Notes to obtain non-tobacco merchandise. See 1Witkin Summ. Cal. Law, Contracts 10th (2005) ("A person cannot take advantage of his or her own act or omission to escape liability; if the person *prevents or makes impossible* the performance or happening of a condition precedent, the condition is excused.") (emphasis in original). Thus, RJR's acceptance-by-redemption-only argument fails.[10]

Accordingly, the Court finds that by purchasing Camel cigarettes and saving the C-Notes included therein, plaintiffs accepted an offer to contract.

### 2. Terms of the Unilateral Contract

Having established the existence of a binding unilateral contract to purchase and save C-Notes, the parties dispute the terms of that contract.[11] Specifically, the parties dispute what type of items RJR was obligated to make available during the final six months of the Camel Cash program. RJR maintains that it was obligated to make available "whatever" rewards it chose—including exclusively product and coupons for product. Opp'n 14-15. Although plaintiffs do not argue that RJR was required to make available any single item, TAC ¶ 31, plaintiffs contend that the implied covenant of good faith and fair dealing obligated RJR to make available reasonable quantities of

---

[10] In resisting this conclusion, RJR relies on Barnes v. McDonald's Corp. 72 F. Supp. 2d 1038 (E.D. Ark. 1999) and Waible v. McDonald's Corp., 935 F.2d 924 (8th Cir. 1991), cases involving McDonald's Monopoly promotions. However, Waible and Barnes addressed defective redemption—not frustrated redemption. See Barnes, 72 F. Supp. 2d at 1042; Waible, 935 F.2d at 926.

[11] By necessary implication, the parties also dispute the existence of breach.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

"merchandise"—which, according to plaintiffs, includes items that are not product or coupons for product.

To resolve this dispute, the Court looks to the terms of the contract—here, the C-Notes themselves. None of the C-Notes placed into evidence by the parties contains the word "merchandise." See Squire Decl. Ex. B. Instead, those C-Notes contain the following terms and phrases: "the best goods"; "the best Camel has to offer"; and "the greatest stuff." See supra.

"The determination of whether contract language is ambiguous is a question of law." O'Neil, 50 F.3d at 682. "A contract or a provision of a contract is ambiguous if it is susceptible of more than one construction or interpretation." Castaneda v. Dura-Vent Corp., 648 F.2d 612, 619 (9th Cir. 1981). The online Oxford U.S. English Dictionary defines "goods" as "[m]erchandise or possessions"; unhelpfully, the dictionary then defines "merchandise" as "[g]oods to be bought and sold."[12] "Stuff" is defined as "[m]atter, material, articles, or activities of a specified or indeterminate kind that are being referred to, indicated, or implied."[13] Finally, the dictionary defines "the best" as "[t]hat which is the most excellent, outstanding, or desirable."[14] As evidenced by the parties' ongoing dispute over the meaning of the term "merchandise," the term "goods" is susceptible to multiple constructions. Further, because both "stuff" and "the best" are defined with regard to the context in which the are used, each term's meaning is necessarily ambiguous.

As discussed above, where the terms of a contract are ambiguous "summary judgment is improper as differing views of the intent of parties will raise genuine issues of material fact." Sacramento Municipal Utility Dist., 652 F.2d at 1344 (9th Cir.1981). Here, the parties express such differing views. For example, plaintiff Daniel Polese testified in his deposition that he went to the Camel website "looking for some merchandise" but instead found "fancy cigarettes." Vogt. Decl. Ex. 7. Similarly, plaintiff Fred Javaheri testified that he and his friends saved C-Notes for "items either in

---

[12] http://www.oxforddictionaries.com/definition/american_english/good; http://www.oxforddictionaries.com/definition/american_english/merchandise

[13] http://www.oxforddictionaries.com/definition/american_english/stuff

[14] http://www.oxforddictionaries.com/definition/american_english/best

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

the catalog or on the website [items] being merchandise, not cigarettes." Id. Ex. 11. In contrast, RJR maintains that it never drew meaningful distinctions between various types of items—except for internal purposes of state law and tax compliance—and thus RJR could not have intended to promise that anything beyond cigarettes or coupons would be available in the last six months of the Camel Cash program. See generally Setchell Decl.

The existence of such conflicting evidence raises a genuine issue of material fact—namely, what items RJR was obligated to make available during the final six months of the Camel Cash program. Proof of breach rises and falls on this determination. Accordingly, the Court DENIES RJR's motion for summary judgment as to plaintiffs' contract claim.

### B. Promissory Estoppel Claim

Under California law, the elements of promissory estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance. Sateriale, 697 F.3d at 792. For the reasons discussed above with regard to plaintiffs' contract claim, the Court finds that there is a disputed issue of material fact regarding the terms of the promise. Accordingly, the Court DENIES RJR's motion for summary judgment as to plaintiffs' promissory estoppel claim.

### V. CONCLUSION

Because the Court finds that there are disputed issues of material fact regarding the terms of the contract, the Court DENIES defendants' motion for summary judgment.

IT IS SO ORDERED.

| | Initials of Preparer | CMJ | 00:00 |
|---|---|---|---|