UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL       'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present                         Not Present

**Proceedings:**  (IN CHAMBERS): DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO RULE 11 (dkt. 100, filed July 10, 2014)

## I.   INTRODUCTION & BACKGROUND[1]

On November 16, 2009, plaintiffs Amanda Sateriale, Jeffrey Feinman, Pamela Burns, Patrick Griffiths, Jackie Warren, and Donald Wilson, individually and on behalf of all persons similarly situated, filed suit against defendant R.J. Reynolds Tobacco Company ("RJR"). Dkt. 1.

Plaintiffs filed the operative third amended class action complaint ("TAC") on August 11, 2010. Dkt. 47. The complaint alleged claims for (1) breach of contract, (2) promissory estoppel, (3) unfair competition under Cal. Bus. & Prof. Code §§ 17200 et seq., ("UCL") and (4) deceptive practices pursuant to the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq. Id. The Court dismissed all four of plaintiffs' claims with prejudice on December 7, 2010. Dkt. 55. On July 13, 2012, the Ninth Circuit affirmed dismissal of the UCL and CLRA claims, but vacated dismissal of the contract and promissory estoppel claims. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777 (9th Cir. 2012).

The gravamen of plaintiffs' complaint is that RJR breached its contractual obligations to plaintiffs—smokers of its Camel brand cigarettes and holders of "Camel Cash" or "C-Notes"—when RJR announced the termination of its Camel Cash loyalty

---

[1] A comprehensive overview of the history of this litigation can be found in the Court's concurrent order addressing defendants' motion for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

program, but failed to make available limited amounts of merchandise for redemption by plaintiffs with Camel Cash during the final six months of the program.

On July 10, 2014, RJR filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Dkt. 100. Plaintiffs filed an opposition on August 25, 2014, dkt. 118, and RJR replied on August 29, 2014, dkt. 121. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed.R.Civ.P. 11(b).

The imposition of sanctions is a matter within the discretion of the court. Fed. R. Civ. P. 11(c). "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation . . . ." Committee Notes on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 587 (1993).

## III.   DISCUSSION

The thrust of RJR's motion is that plaintiffs' counsel filed the TAC without conducting an adequate investigation into the underlying facts. Mot. Sanct. at 2. Specifically, RJR challenges the adequacy of counsels' pre-filing inquiry into the allegation that RJR "failed to provide any merchandise," TAC ¶ 4, to Camel Cash participants during the final six months of the Camel Cash program. Mot. Sanct. at 1-2. RJR asserts two reasons why plaintiffs' counsel "knew, or should have known, the core allegation of the Complaint – that nothing was available to be redeemed – was false at the time the Complaint was filed." Id. at 2. First, five plaintiffs testified in their depositions that there was indeed "merchandise" available for redemption with C-Notes during the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

final six months of the program.  Id. at 7-13.  Second, plaintiffs' counsel Jeffrey Squire allegedly made a web posting at "Complaintsboard.com" on May 19, 2009, before the TAC was filed, publicizing instant class action suit.  Id. at 14.  According to RJR, plaintiffs' counsel should have seen an earlier posting by plaintiff Richard Holter in that same discussion stream, which stated that C-Notes could be redeemed for "a few cigarette coupons."  Id.  It is undisputed that cigarettes and coupons for cigarettes were available for redemption with Camel Cash during the relevant six month time period.  See generally Pls.'s Opp'n Sanct.  RJR asserts that the appropriate remedy for plaintiffs' counsels' alleged Rule 11 violation is dismissal of this action and payment of RJR's attorneys' fees and costs incurred during discovery.  Id. at 20.

Plaintiffs respond that their allegation that no merchandise was available for redemption has always been accurate, since merchandise—"i.e., ash trays, pool tables, computers, pinball machines, etc."—was not available during the last six months of the Camel Cash program.  Pls.'s Opp'n Sanct. at 1.  Moreover, plaintiffs assert that RJR understood that plaintiffs were drawing a distinction between "merchandise" and cigarettes or coupons for cigarettes, and is essentially using the Rule 11 motion to argue the merits of RJR's concurrently filed summary judgment motion.  Id. at 11, 13.  Further, plaintiffs argue that RJR's request is untimely, since RJR "inexplicably failed to make its Rule 11 motion until almost five years into this litigation."  Id. at 17.

In reply, RJR asserts that plaintiffs have failed to meaningfully respond to RJR's allegations concerning the alleged inadequacy of plaintiffs' counsels' pre-filing inquiry.  Reply Mot. Sanct. at 2-3.  Instead, RJR asserts that plaintiffs attempt to justify their conduct "by asserting an untenable definition of 'merchandise.'"  Id. at 8.

The Court concludes that RJR's Rule 11 motion should be denied.  The arguments advanced by RJR in its concurrently filed summary judgment motion are similar to the arguments RJR advances here.  Namely, RJR argues that summary judgment should be granted as to plaintiffs' breach of contract claim because the term "merchandise" includes cigarettes and coupons for cigarettes, and it is undisputed that RJR made available both cigarettes and coupons during the last six months of the Camel Cash program.  This similarity—coupled with RJR's five-year delay in bringing this motion—convinces the Court that RJR's motion should be denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | December 19, 2014 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. ET AL. | | |

The Court notes that plaintiffs have requested an order directing RJR to reimburse plaintiffs for the costs incurred responding to the instant motion; additionally, plaintiffs request that the Court sanction RJR "in an amount sufficient to deter future abuses of Rule 11." Pls.'s Opp'n Sanct. at 24. The Court reserves the question of whether sanctions are appropriate until the conclusion of this case.

## IV.    CONCLUSION

For the reasons stated above, the Court DENIES RJR's motion for sanctions pursuant to Rule 11.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |