Marc K. Callahan (State Bar No. 156616)
John A. Vogt (State Bar No. 198677)
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA 92612.4408
Telephone:  +1.949.851.3939
Facsimile:   +1.949.553.7539
Email:        javogt@jonesday.com

Geoffrey K. Beach (Admitted *Pro Hac Vice*)
Howell A. Burkhalter (Admitted *Pro Hac Vice*)
hburkhalter@wcsr.com
WOMBLE CARLYLE SANDRIDGE & RICE LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone:  (336) 721-3504
Facsimile:  (336) 733-8437

Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA SATERIALE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO CO.,<br><br>Defendant. | CASE No. CV 09 08394 CAS (SSx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF R.J. REYNOLDS TOBACCO CO.'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE COURT'S ORDER DENYING REYNOLDS' MOTION FOR SUMMARY JUDGMENT**<br><br>Courtroom: 5<br>Before:  Hon. Christina A. Snyder<br>Date:   June 22, 2015<br>Time:  10:00 a.m. |

# <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................... 1

ARGUMENT ......................................................................................................... 3

    I.     THE COURT'S SUMMARY JUDGMENT ORDER
          INVOLVES A CONTROLLING QUESTION OF LAW ................... 3

    II.    THERE ARE SUBSTANTIAL GROUNDS FOR
          DIFFERENCE OF OPINION ON THIS CONTROLLING
          LEGAL QUESTION .............................................................................. 5

    III.   IMMEDIATE APPEAL WILL MATERIALLY ADVANCE
          THE TERMINATION OF THIS LITIGATION ................................... 9

CONCLUSION .................................................................................................... 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*Ass'n of Irritated Residents v. Fred Schakel Dairy*,
   634 F. Supp. 2d 1081 (E.D. Cal. 2008) ................................................. 9

*Besser v. Chapple*,
   2011 U.S. Dist. LEXIS 13146 (C.D. Cal. Jan. 26, 2011) ...................... 5

*Chambers v. Travelers Cos., Inc.*,
   764 F. Supp. 2d 1071 (D. Minn. 2011) .................................................. 3

*Coleman v. The Quakers Oats Co.*,
   232 F.3d 1271 (9th Cir. 2000) ........................................................... 5, 8

*Couch v. Telescope Inc.*,
   611 F.3d 629 (9th Cir. 2010) ................................................................. 2

*CSI Elec. Contractors, Inc. v. Zimmer America Corp.*,
   2013 WL 1249021 (C.D. Cal. Mar. 25, 2013) ...................................... 3

*Deutsche Bank Nat. Trust Co. v. F.D.I.C.*,
   854 F. Supp. 2d 756 (C.D. Cal. 2011) ................................................... 3

*Herrington v. County of Sonoma*,
   12 F.3d 901 (9th Cir. 1993) ........................................................... 2, 5, 8

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1981) ............................................................... 4

*Kuzinski v. Schering Corp.*,
   614 F. Supp. 2d 247 (D. Conn. 2009) ................................................... 4

*Leslie Salt Co. v. United States*,
   55 F.3d 1388 (9th Cir. 1995) ................................................................. 5

ii

*Milgard v. Selas Corp.*,
 902 F.2d 703 (9th Cir. 1990) ................................................................ 5

*Plantronics, Inc. v. American Home Assurance Co.*,
 2014 WL 2452577 (N.D. Cal. May 30, 2014) ...................................... 5

*Reese v. BP Exploration (Alaska) Inc.*,
 643 F.3d 681 (9th Cir. 2011) ........................................................... 1, 9

*Rollins v. Dignity Health*,
 No. 13-CV-01450, 2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) .................. 5, 9

*Sateriale v. R.J. Reynolds Tobacco Co.*,
 697 F.3d 777 (9th Cir. 2012) ................................................... *passim*

*United States v. Jingles*,
 702 F.3d 494 (9th Cir. 2012) ................................................................ 5

*Wall Data Inc. v. L.A. Cnty. Sheriff's Dep't*,
 447 F.3d 769 (9th Cir. 2006) ................................................................ 3

**STATUTES**

28 U.S.C. § 1292 .......................................................................... 1, 2, 9

**OTHER AUTHORITIES**

16 Charles Alan Wright & Arthur R. Miller, *Federal Practice &*
 *Procedure* § 3930 (3d ed.) .......................................................... 4, 9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CERTIFY
INTERLOCUTORY APPEAL RE SUMMARY JUDGMENT ORDER**

# **INTRODUCTION**

Under 28 U.S.C. § 1292(b), this Court has the authority to certify an order for interlocutory appeal where three conditions are met: (1) the order involves a "controlling question of law," (2) as to which there is "substantial ground for difference of opinion," and (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also, e.g.*, *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011) (setting forth these requirements). Reynolds respectfully submits that the Court's order denying Reynolds' motion for summary judgment satisfies each of these requirements.

1.   Controlling Question of Law

The controlling—indeed, case-dispositive—question of law is whether the Ninth Circuit, in construing the claims pleaded in the operative complaint in this very case, required the specific act of redeeming C-Notes for rewards to accept Reynolds' offer to enter into a unilateral contract: "RJR's alleged offer invited the performance of *specific acts* (saving C-Notes and *redeeming them for rewards in accordance with the catalog*) without further communication, and leaving nothing for negotiation." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 788 (9th Cir. 2012) (emphasis added). This issue raises a pure legal question as to the steps necessary to form a unilateral contract. If the Ninth Circuit were to resolve this question in Reynolds's favor, the result would be the immediate end of the case as the record establishes that no plaintiff attempted to redeem C-Notes in the final promotion. This is all that is required to establish a controlling question of law.

2.   There Are Substantial Grounds For Differences Of Opinion

In addressing the performance required to accept Reynolds' alleged offer to enter into a unilateral contract, the Ninth Circuit, in *Sateriale*, explained that plaintiffs were required to do *three* things:

> [W]e conclude that the plaintiffs have adequately alleged the existence of an offer to enter into a

1

1                   unilateral contract, whereby RJR promised to

2                   provide rewards to customers who [1] purchased

3                   Camel cigarettes, [2] saved Camel Cash

4                   certificates **and** [3] redeemed their certificates in

5                   accordance with the catalogs' terms.

6  *Sateriale*, 697 F.3d at 787 (emphasis added).  The Court's summary judgment order,

7  however, omits the language after the word "**and**"—*i.e.*, *Sateriale's* third

8  requirement of acceptance:

9                   [T]he Court finds that by purchasing Camel

10                  cigarettes and saving the C-notes included therein,

11                  plaintiffs accepted an offer to contract.

12 *See* Dkt. No. 136 at 12.  Although the summary judgment order offers a variety of

13 reasons for omitting *Sateriale's* third requirement, the Court was without authority

14 to revisit *Sateriale's* construction of plaintiffs' claims on its own.  *See Herrington v.*

15 *County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) ("'[T]he decision of an

16 appellate court on a legal issue must be followed in all subsequent proceedings in

17 the same case.'" (citation omitted)).  Under section 1292(b), the patent tension

18 between the Court's summary judgment order and the Ninth Circuit's opinion in

19 *Sateriale* is precisely the type of difference of opinion that warrants an immediate

20 interlocutory appeal.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

21        3.      <u>Interlocutory Appeal Will Advance Termination Of The Litigation</u>

22        If the Ninth Circuit grants interlocutory review, and concludes that it meant

23 what it said—that redemption in accordance with the catalog's terms was one of the

24 "specific acts" necessary to accept Reynolds' offer—this litigation will terminate.

25 It is an uncontroverted fact that none of the plaintiffs redeemed C-Notes for rewards

26 in accordance with the terms of the final promotion's catalog.  The record evidence

27 demonstrates that some of the plaintiffs never even bothered to look to see what

28 was offered.

2

1   In sum, before the Court, the parties, and a jury incur the substantial time and
2   expense of a lengthy trial on the merits, the Court should certify an interlocutory
3   appeal to the Ninth Circuit to address whether summary judgment was
4   appropriately denied, notwithstanding the fact that none of the plaintiffs completed
5   all of the "specific acts" of acceptance that *Sateriale* held were required to form a
6   unilateral contract with Reynolds.[1]

7                                    **ARGUMENT**

8   Each of the grounds to certify an interlocutory appeal are satisfied with
9   regard to the Court's order denying Reynolds' motion for summary judgment.

10  **I.   THE COURT'S SUMMARY JUDGMENT ORDER INVOLVES A**
11  **CONTROLLING QUESTION OF LAW**

12  There can be no doubt that whether plaintiffs took the necessary steps to
13  form a unilateral contract raises a pure question of law.  The Ninth Circuit has
14  squarely held that "contract formation and interpretation are questions of law for
15  the court to determine."  *Wall Data Inc. v. L.A. Cnty. Sheriff's Dep't*, 447 F.3d 769,
16  786 (9th Cir. 2006) (*citing In re Bennett*, 298 F.3d 1059, 1064 (9th Cir. 2002)); *see*
17  *also, e.g., Chambers v. Travelers Cos., Inc.*, 764 F. Supp. 2d 1071, 1087 (D. Minn.
18  2011), *aff'd*, 668 F.3d 559 (8th Cir. 2012) ("Whether a unilateral contract has been
19  formed is a question of law.").

20  Moreover, the performance required to form a unilateral contract is
21  "controlling" in the context of this case.  "'[A]ll that must be shown in order for a
22  question to be controlling is that resolution of the issue on appeal could materially
23  affect the outcome of the litigation in the district court.'"  *Deutsche Bank Nat. Trust*
24  *Co. v. F.D.I.C.*, 854 F. Supp. 2d 756, 768 (C.D. Cal. 2011) (citation omitted), *aff'd,*

25  _____

26      [1] If the Ninth Circuit concludes that plaintiffs did not form a unilateral
27  contract, there is no reason to consider the scope of the implied covenant because,
    absent a contract, the implied covenant does not exist.  *CSI Elec. Contractors, Inc. v.*
28  *Zimmer America Corp.*, 2013 WL 1249021, at * 4 (C.D. Cal. Mar. 25, 2013).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CERTIFY**
**INTERLOCUTORY APPEAL RE SUMMARY JUDGMENT ORDER**

744 F.3d 1124 (9th Cir. 2014); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) (a controlling question of law is one for which "allowing an interlocutory appeal would avoid protracted and expensive litigation").

That standard is satisfied here.  In construing plaintiffs' claims, the Ninth Circuit held that "RJR's alleged offer invited the performance of specific acts" one of which was "redeeming [C-Notes] for rewards in accordance with the catalog[.]" *Sateriale*, 697 F.3d at 788.  If, as *Sateriale* holds, plaintiffs needed to redeem C-Notes to form a unilateral contract, plaintiffs' claims could not go forward, as "the undisputed evidence demonstrates that none of the named plaintiffs redeemed or attempted to redeem during" the final promotion.  *See* Dkt. No. 136 at 12. An appellate ruling in Reynolds' favor on this issue would thus negate the existence of a contract on which plaintiffs could sue.  Nor, could plaintiffs succeed on their promissory estoppel claim if the Ninth Circuit were to conclude, as it did in *Sateriale*, that Reynolds' alleged promise required plaintiffs to redeem their C-Notes before they were entitled to any rewards.  *Sateriale*, 697 F.3d at 792 ("We conclude this element [of promissory estoppel] is satisfied:  the C-Notes promised consumers that if they saved C-Notes and redeemed them for rewards merchandise in accordance with the catalog, RJR would provide the merchandise.").

There cannot be a clearer example of a "controlling" legal question than one whose resolution could instantly end a case.  *See, e.g.*, *Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247, 249 (D. Conn. 2009) (finding this requirement satisfied where the court had denied defendants' motion for summary judgment, since, "had the Court reached the opposite conclusion, … the litigation would terminate with summary judgment"); *see also* 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3930 (3d ed.) ("*Fed. Prac. & Proc.*") ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal ….").

4

## II.   THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION ON THIS CONTROLLING LEGAL QUESTION

The allegations in the complaint set the boundaries for summary judgment. *Coleman v. The Quakers Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations.") *Besser v. Chapple*, 2011 U.S. Dist. LEXIS 13146, at *15 (C.D. Cal. Jan. 26, 2011) ("On a motion for summary judgment, Plaintiffs' allegations and theories of liability are confined to those found in the operative complaint."). Furthermore, where, as here, the Ninth Circuit has construed the claims pleaded in the operative complaint, that construction is the law of the case and, thus, on summary judgment, is binding on the district court and the parties. *Herrington*, 12 F.3d at 904 ("'[T]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.'" (citation omitted)); *United States v. Jingles*, 702 F.3d 494, 502 (9th Cir. 2012) (same); *Milgard v. Selas Corp.*, 902 F.2d 703, 715 (9th Cir. 1990) (applies to issues "decided explicitly or by necessary implication in [the] previous disposition."); *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995) ("even summarily treated issues become the law of the case"); *Plantronics, Inc. v. American Home Assurance Co.*, 2014 WL 2452577 at 3 (N.D. Cal. May 30, 2014) (construction of claims at motion to dismiss stage binding when court later considers summary judgment).

Under these precedents, this Court, on its own, was foreclosed from reinterpreting *Sateriale's* construction of plaintiffs' claims. Yet, the Court's summary judgment order, both (1) departs from the Ninth Circuit's holding that "redeeming [C-Notes] for rewards in accordance with the catalog" is one of the "specific acts" called for to accept Reynolds' offer and (2) proffers a variety of reasons for that departure, which is precisely the type of difference of opinion that compels the certification of interlocutory review. *Rollins v. Dignity Health*, No. 13-

5

CV-01450, 2014 WL 6693891, at *3 (N.D. Cal. Nov. 26, 2014) ("One of the best indications that there are substantial grounds for disagreement on a question of law is that other courts have, in fact, disagreed.")

Furthermore, in answering the question whether redemption was required, the Ninth Circuit grounded its holding upon several key allegations in the Third Amended Complaint.  Foremost among them are plaintiffs' allegations that, during the period October 1, 2006 through March 31, 2007:  (1) the Camel brand website offered a variety of items that plaintiffs "wanted," and (2) plaintiffs repeatedly tendered C-Notes and a completed order form to Reynolds per the promotion's terms for such items:

> [I]n or about October 2006 upon receiving notice that defendant was terminating the program Feinman visited defendants website **selected items he wanted** to receive in exchange for his Camel Cash and **submitted his coupons together with completed order form** to defendant.  Defendant refused to provide Feinman with merchandise and told him the items were not available. Feinman **repeated his attempts to redeem his coupons at least twice** during the period from October 2006 through March 2007 to no avail.

(*See* Dkt. No. 47 (Third Amended Complaint), ¶ 49 (emphasis added)); *see also Sateriale*, 697 F.3d at 784, *citing* TAC, ¶ 49 ("Several of the plaintiffs attempted, without success, to redeem C-Notes or obtain a catalog during the final six months of the program.").  Thus, in construing plaintiffs' claims, the Ninth Circuit, operating, as it had to, within the four corners of plaintiffs' complaint, accepted, as true, plaintiffs' allegation that they had repeatedly "submitted [] coupons together with [a] completed order form" during the final promotion period for "items" that

6

they "wanted."  Because plaintiffs' specifically alleged that Reynolds did not have
"any" rewards available during the final promotion—notwithstanding the fact that
plaintiffs allegedly took all of the necessary steps to form a unilateral contract—the
Ninth Circuit concluded that breach was "readily discernible":

> The plaintiffs do not claim that they were entitled
> to particular merchandise, but that RJR was
> required to make reasonable quantities of rewards
> merchandise available during the life of the Camel
> Cash program—a duty RJR allegedly breached by
> failing to make **any** merchandise available after
> October 1, 2006.  This alleged breach is readily
> discernible.

*Sateriale*, 697 F.3d at 798 (emphasis added); *see id.* at 784 (plaintiffs "allege that
RJR breached a contract by refusing to redeem C–Notes during the six months
preceding program termination."); *id.* at 793 ("[U]nder the allegations of the
complaint, RJR ceased accepting C–Notes for redemption as soon as it delivered the
October 1 announcement ….").  To summarize, the prism through which the
Ninth Circuit viewed this case was that, during the period October 1, 2006 through
March 31, 2007:  (1) Reynolds offered items for redemption that plaintiffs had
"wanted"; (2) plaintiffs (and others) submitted C-Notes and completed order forms
for those items; but (3) Reynolds did not have "any" items available, even though
plaintiffs (and others) completed the "specific acts" necessary to accept Reynolds'
offer including, specifically, the act of redemption.

In sharp contrast to the position they took before this Court in opposing
summary judgment, plaintiffs did not allege that Reynolds offered only cigarettes
and coupons for cigarettes during the period October 2006 through March 2007.
Nor, in their briefing or during oral argument did they advise the Ninth Circuit of
this fact.  Indeed, in his sworn declaration, plaintiffs' counsel (Jeffrey Squire)

7

1    attests that it was only *after* remand and *after* discovery was underway that he
2    learned of the types of rewards that Reynolds had offered during the final
3    promotion period.  (See Dkt. No. 119, ¶ 6 ("In discovery in this action I learned that
4    RJR had made a very small number (representing approximately 0.02% of the
5    unredeemed C-Notes RJR had issued during the Program) of cigarettes and coupons
6    for cigarettes available during the final six months of the Program.").)
7    Thus, because plaintiffs' counsel, at the time the Ninth Circuit issued its opinion in
8    *Sateriale*, attests to being unaware of what types of rewards Reynolds had offered
9    during the final promotion, it cannot possibly be said that the operative complaint,
10   authored by the same lawyers, put such facts at issue.  Discovery also has revealed
11   that, contrary to the allegations in Paragraph 49 of the operative complaint, none of
12   the plaintiffs "submitted [their] coupons together with completed order form" for
13   the "items" they "wanted."

14          Given the foregoing, the Court's conclusion that "RJR's acceptance-by-
15   redemption-only argument fails" because "RJR prevented plaintiffs from using their
16   C-Notes to obtain non-tobacco merchandise," *see* Dkt. No. 136 at 14, is thus
17   grounded upon a theory that not only conflicts with the allegations in the complaint,
18   but was never pleaded or presented to the Ninth Circuit in *Sateriale*.
19   Under controlling Ninth Circuit precedent, this Court was without authority to
20   disregard, revisit, or reinterpret the Ninth Circuit's clear and unambiguous holding
21   in *Sateriale* that "redeeming [C-Notes] for rewards in accordance with the catalog"
22   is one of the "specific acts" called for to accept Reynolds' offer simply because that
23   legal holding does not fit plaintiffs' new theory of relief.  *Herrington*, 12 F.3d at
24   904.  Instead, plaintiffs should have been barred from changing legal theories in
25   opposition to summary judgment.  *Coleman*, 232 F.3d at 1292.  At the very least,
26   however, interlocutory review should be ordered so that the Ninth Circuit can
27   resolve this difference of opinion on this controlling legal question.

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CERTIFY
INTERLOCUTORY APPEAL RE SUMMARY JUDGMENT ORDER**

### III. **IMMEDIATE APPEAL WILL MATERIALLY ADVANCE THE TERMINATION OF THIS LITIGATION**

Finally, interlocutory appeal is warranted because immediate resolution of the question presented herein would be capable of materially advancing the termination of the case. As courts in this Circuit repeatedly have recognized, this factor is closely "linked" to the first question discussed above—whether an issue of law is controlling—"in that the Court should consider the effect of a reversal by the court of appeals on the management of the case." *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1092 (E.D. Cal. 2008); *see also, e.g.*, *Rollins*, 2014 WL 6693891, at *4 ("[T]he considerations of this factor overlap significantly with the first one …."). The question is whether allowing an immediate appeal could "avoid[] trial proceedings, or at least curtail[] and simplify[] pretrial or trial." 16 *Fed. Prac. & Proc.* § 3930; *see also Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) ("[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation.").

Given the overlap between this requirement and the requirement of a "controlling question of law," this issue can be dealt with easily. As explained above, if the Ninth Circuit were to hold, as it did in *Sateriale*, that redemption was required to accept Reynolds' offer, plaintiffs' claims could not go forward as a matter of law, thereby "materially advanc[ing] the termination of th[is] litigation" in the most straightforward manner possible. 28 U.S.C. § 1292(b). This further confirms that certification of an interlocutory appeal is warranted.

///

///

///

///

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For these reasons, Reynolds respectfully requests that the Court certify for interlocutory appeal its order denying Reynolds' motion for summary judgment.

Dated:  April 23, 2015                           JONES DAY


By:  */s/ John A. Vogt*
          John A. Vogt

Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CERTIFY
INTERLOCUTORY APPEAL RE SUMMARY JUDGMENT ORDER**