UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | June 4, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): THE COURT'S PROPOSED RESOLUTION OF THE CONTENT OF THE ORDER APPROVING CLASS NOTICE

    On April 6, 2015, plaintiff filed a motion to approve the form of class notice and to compel defendant to produce a list of class members. Dkt. 152. The Court held a hearing on May 4, 2015, dkt. 164, at which time the Court directed the parties to attempt to resolve disputed issues concerning the proposed notice without judicial intervention. In so doing, the Court continued the hearing on plaintiff's motion to approve the form of class notice to June 8, 2015. Dkt. 164. The Court, however, finds plaintiff's motion appropriate for decision without oral argument, Fed. R. Civ. P. 78; Local Rule 7-15, and hereby vacates the June 8, 2015 hearing accordingly.

    The Court is in receipt of the "Stipulation of the Parties as to Class Notice and Proposed Order Regarding Class Notice and Production of a List of Class Members." Dkt. 175. In their stipulation, the parties request that the Court rule on three unresolved issues concerning the proposed order approving the form of class notice. Having considered the parties' briefing submitted in support of their respective positions concerning these issues, see dkts. 176-78, the Court concludes that the relevant language of the proposed order should read as follows:

> This matter came before the Court after Plaintiffs Fred Javaheri, Daniel Polese, Heather Polese, Jeffrey Feinman, Richard Holter, Jackie Warren and Donald Wilson ("Plaintiffs") by and through their counsel, moved this Court to approve form of class Notice and to compel defendant R.J. Reynolds Tobacco Co. ("Defendant") to provide plaintiffs with a list of class members to effectuate class Notice (the "Motion"). <u>The parties having agreed to the</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | June 4, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

following class notice, and the Court having reviewed and considered the proposed order, the proposed class notice, and the pleadings submitted in support thereof, hereby orders:

Rationale: The Court adopts this language because it has an independent duty to review and approve class notice even if the parties have agreed to particularized language.

3. Defendant will produce the following information from Reynolds' Direct Marketing Database ("DMD"; Current and Archived): [¶] (a) A list of consumers in the DMD, regardless of a consumer's indicated brand preference, as follows:

Rationale: Because consumers who did not indicate a Camel brand preference may nonetheless have purchased Camel brand cigarettes and saved the Camel Cash included therein, the Court concludes that it is appropriate for RJR to produce a list of consumers within its direct marketing database without regard to their indicated cigarette brand preference.

4. Defendant shall provide the information described herein above within thirty (30) days of entry of this order. RJR shall cause its agent for providing this information to make reasonable efforts to respond to questions posed by Gilardi so that Gilardi is able to utilize that information to provide Notice to the class. Any disputes concerning Gilardi's requests may be presented to the Court. RJR's agent for providing the information in ¶3 above shall produce this data in a manner that conforms to the data specifications provided by Gilardi on March 31, 2015, entitled "Data Submission Guidelines." Defendant shall deliver to plaintiffs its third-party vendor's invoice for the reasonable cost of collecting and producing the information. The invoice shall state the time expended and the hourly rates charged for that time, including a description of the work performed. RJR shall send plaintiffs the invoice at the time the relevant data is transmitted. Plaintiffs shall pay the invoice within 30 days of receipt of the invoice.

Rationale: RJR may have counsel present when inquiry is made by Gilardi to RJR's agent for providing such data. As to the cost incurred by RJR in producing consumer data,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | June 4, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

plaintiffs may reserve the right to seek a *pro rata* refund if the Court determines that the amount charged is not reasonable.

　　The parties are hereby ORDERED to submit an order approving the form of class notice that is consistent with the foregoing, underlined language no later than **June 15, 2015**.

　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　　00　:　00
　　　　　　　　　　　　　　Initials of Preparer　　　CMJ