UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                                  Not Present

**Proceedings:** (IN CHAMBERS): DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL THE COURT'S ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (dkt. 161, filed April 23, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing currently scheduled for June 22, 2015, is hereby vacated, and the matter is taken under submission.

## I.   INTRODUCTION & BACKGROUND

The facts of this case are known to the parties and are set forth in this Court's prior orders on defendant R.J. Reynolds Tobacco Company's ("RJR") motion for summary judgment, dkt. 136, and plaintiffs Amanda Sateriale, Jeffrey Feinman, Pamela Burns, Patrick Griffiths, Jackie Warren, and Donald Wilson's motion for class certification, dkt. 135. The facts and procedural history most relevant to the present motion are as follows.

Plaintiffs filed this action in 2009, asserting claims for, inter alia, breach of bilateral contract and promissory estoppel. The Court dismissed the entire action with prejudice in December 2010, and plaintiffs subsequently appealed the Court's decision to the Ninth Circuit. The Ninth Circuit vacated dismissal of the breach of contract and promissory estoppel claims, reasoning that plaintiffs had "adequately alleged the existence of an offer to enter into a *unilateral* contract, whereby RJR promised to provide rewards to customers who purchased Camel cigarettes, saved Camel Cash certificates and redeemed their certificates in accordance with the catalogs' terms." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 787 (9th Cir. 2012) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

    Following remand and discovery, RJR moved for summary judgment. The Court denied RJR's motion by order dated December 19, 2014 ("Summary Judgment Order"). In so doing, the Court concluded that the representations on C-Notes constituted an offer by RJR to make "goods" and "stuff" available for redemption for the life of the Camel Cash program, and that RJR invited plaintiffs to accept this offer by purchasing Camel cigarettes and saving the C-Notes included therein.

    As is relevant here, RJR vigorously argued that, in order to accept its offer, plaintiffs were also required to redeem or attempt to redeem their C-Notes during the final six months of the Camel Cash program. The Court rejected this argument, reasoning that "[c]onstruing RJR's offer to require such performance by plaintiffs . . . would render the contract non-existent." Summ. J. Order at 12. As the Court explained, the Ninth Circuit found that plaintiffs alleged a contract, "the essence of which was their *general right to redeem* their Camel Cash certificates, during the life of the program, for whatever rewards merchandise RJR made available, with RJR's discretion limited only by the implied duty of good faith performance." Summ. J. Order at 13 (quoting Sateriale, 697 F.3d at 788 (emphasis added)). The Court reasoned that construing RJR's offer to require acceptance through redemption would be "incongruous with such a 'right to redeem,' " id. at 13, since plaintiffs' theory of the case was that RJR breached the contract by acting in bad faith to deny them the opportunity to redeem their C-Notes for non-tobacco merchandise.

    On April 23, 2015, RJR filed a motion pursuant to 28 U.S.C. § 1292(b), seeking to certify for interlocutory appeal the Court's Summary Judgment Order. Dkt. 161. Plaintiffs filed an opposition on June 1, 2015, dkt. 174, and RJR replied on June 8, 2015, dkt. 181. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

    Certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. 28 U.S.C. § 1292(b); In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir.1982). The district court may certify an order for interlocutory appellate review under Section 1292(b) if each of the following three requirements are met: "(1) there is a controlling question of law, (2) there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." Id. at 1026; 28 U.S.C. § 1292(b). The requirements of section 1292(b) are jurisdictional. Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir.2010).

"[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d at 1026 (citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir.1966)). Indeed, section 1292(b) embodies a "narrow exception to the final judgment rule." Couch, 611 F.3d at 633. "The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.' " Fukuda v. County of Los Angeles, 630 F. Supp. 228, 299 (C.D. Cal. 1986) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

### III.  ANALYSIS

#### A.  Whether There Is a Controlling Question of Law

In its moving papers, RJR asserts that the controlling question of law in this case is "whether the Ninth Circuit, in construing the claims pleaded in the operative complaint in this very case, required the specific act of redeeming C-Notes for rewards to accept [RJR's] offer to enter into a unilateral contract[.]" Mot. Cert. Appeal at 1. In its reply briefing, RJR refashions the controlling question as "whether a unilateral contract can be formed under California law where the offeree fails to perform each act requested by an offeror." Reply Mot. Cert. Appeal at 2.

A question is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d at 1026. The question must be "of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than . . . whether the party opposing summary judgment had raised a genuine issue of material fact." Carrillo v. Schneider Logistics Trans-Loading & Distribution, Inc., No. 2:11-CV-8557, 2014 WL 1155403, at *3 (C.D. Cal. Mar. 21, 2014) (quoting Ahrenholz v. Bd. of Trustees of the Univ. of Ill.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

219 F.3d 674, 676 (7th Cir. 2000)). Indeed, "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence of facts of a particular case and give it general relevance to other cases in the same area of law." Porter v. Mabus, No. 1:07-CV-0825, 2014 WL 669778, at *2 (E.D. Cal. Feb. 20, 2014) (quoting Simmons v. Akanno, 2011 WL 1566583, at *3 (E.D. Cal. Apr. 22, 2011) (quoting McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004))). "The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact, or whether the district court properly applied settled law to the facts." Id. (quoting Simmons, 2011 WL 1566583, at *3). Moreover, "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind." Arenholz, 219 F.3d at 676-77 (citing Williamson v. UNUM Life Ins. Co., 160 F.3d 1247, 1251 (9th Cir. 1998); Harriscom Svenska AB v. Harris Corp., supra, 947 F.2d 627, 631 (2d Cir. 1991); United States Rubber Co. v. Wright, 359 F.2d 784 (9th Cir.1966) (per curiam)).

     RJR's motion presents the "antithesis of a proper § 1292(b) appeal." It is well settled that, to form a unilateral contract under California law, an offeree accepts the offer by performing acts requested by the offeror. See Harris v. Time, Inc., 191 Cal. App. 3d 449, 455 (1987). Here, RJR contests the Court's application of this settled principle of law to the facts of this case—namely, RJR resists the Court's construction of the C-Notes to permit acceptance of RJR's offer without performing the act of redemption. RJR's vehement disagreement with the Court's construction of the terms of its offer is not the sort of "abstract legal issue," Arenholz, 219 F.3d at 677, that merits invocation of the narrow exception to the final judgment rule embodied in § 1292(b). See, e.g., Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc., No. 09-CV-320, 2010 WL 952273, at *3 (D. Or. Mar. 10, 2010) (explaining that "interpretation of the terms of a contract is a mixed question of law and fact"); Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005) ("[A] question of contract interpretation typically is not a 'controlling question of law' that serves as a basis for interlocutory appeal.").

     **B.**     **Whether Substantial Grounds for Difference of Opinion Exist**

     RJR contends that it has met its burden to establish the existence of substantial grounds for a difference of opinion concerning the controlling question of law because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | June 17, 2015 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

the Court's Summary Judgment Order purportedly diverged from the Ninth Circuit's holding that redemption of C-Notes is an act required to accept RJR's offer. Mot. Cert. Appeal at 5. According to RJR, this departure "is precisely the type of difference of opinion that compels certification of interlocutory review." Id.

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." Couch, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Id. (internal quotation marks and citation omitted); see also Asis Internet Servs. v. Active Response Grp., No. C07 6211, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008) (concluding that "intra-district split" on controlling issue of law may also satisfy "substantial grounds" factor). "That settled law might be applied differently does not establish a substantial ground for difference of opinion." Id.

Here, RJR's proffered controlling question of law is "whether a unilateral contract can be formed under California law where the offeree fails to perform each act requested by an offeror." The answer to this question is not unclear—as discussed above, the answer is unequivocally "no." RJR simply disagrees with this Court's conclusion that, as expressed in the C-Notes, redemption was not a requested act.

At bottom, RJR disagrees with the Court's interpretation of its mandate on remand. RJR contends that the Ninth Circuit's conclusion that plaintiffs "adequately alleged the existence of an offer to enter into a unilateral contract, whereby RJR promised to provide rewards to customers who purchased Camel cigarettes, saved Camel Cash certificates and *redeemed their certificates* in accordance with the catalogs' terms," Sateriale, 697 F.3d at 787 (emphasis added), is in no way informed by the Ninth Circuit's additional finding that the essence of the alleged contract was plaintiffs' "general right to redeem their Camel Cash certificates . . . with RJR's discretion limited only by the implied duty of good faith performance," id. at 788. This Court, however, concluded otherwise. See Summ. J. Order at ("Construing RJR's offer to require acceptance by redeeming C-Notes, rather than by purchasing Camels and saving C-Notes, is incongruous with such a 'right to redeem.' Simply put, if redemption is the right created by the contract, it cannot also be the method of acceptance."). RJR's disagreement with this Court's interpretation of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | June 17, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

mandate on remand is not the sort of "substantial ground" for a difference of opinion cognizable under section 1292(b). See Couch, 611 F.3d at 633 ("The district court correctly held that '[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.' ").

### C. Whether Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation.

Finally, RJR contends that immediate appeal could effectively end this litigation, since it is undisputed that plaintiffs did not redeem their C-Notes, and thus an appellate determination that such redemption is required for acceptance of the offer would mandate summary judgment in RJR's favor. Mot. Cert. Appeal at 9.

"The key consideration for this factor is whether permitting an interlocutory appeal would 'minimiz[e] the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings.' " Carrillo, 2014 WL 1155403, at *4 (quoting 16 Charles A. Wright & Arthur R. Miller, Fed. Practice & Proc. § 3930 (2d ed.)). As RJR recognizes, the final factor in section 1292(b) analysis "is linked to whether an issue of law is 'controlling.' " Ass'n of Irritated Residents v. Fred Schakel Dairy, 634 F. Supp. 2d 1081, 1092 (E.D. Cal. 2008); Accord Rollins v. Dignity Health, No. 13-CV-01450, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014) ("[T]he considerations of this factor overlap significantly with the first one."). Although the question presented on appeal need not be dispositive of the entire action, "the appeal must present a clear-cut question of law against a background of established facts." Id. (citing 9 Moore & B. Ward, Moore's Federal Practice ¶ 203.31[3] (2008)).

Here, the Court has already concluded that RJR's proffered controlling question of law is not the sort of question contemplated by section 1292(b), precisely because it does not present a clear-cut question of law. Instead, the question reflects a disagreement with the Court's *application* of clear-cut law to the facts. Since RJR has not demonstrated that its proffered question satisfies the first factor, it follows that RJR cannot satisfy the third factor.[1]

---

[1] In any event, the party pursuing the interlocutory appeal bears the burden of demonstrating that *all three* requirements under section 1292(b) have been met. Couch,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-08394-CAS(SSx) | Date | June 17, 2015 |
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

In summary, the Court is unpersuaded that the exceptional circumstances necessary to certify an issue for interlocutory appeal under section 1292(b) are present in this case. Accordingly, the Court DENIES RJR's motion to certify the Court's Summary Judgement Order for interlocutory appeal.

## IV.    CONCLUSION

In accordance with the forgoing, RJR's motion to certify an interlocutory appeal is DENIED.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

611 F.3d at 633. The Court's conclusion that RJR has failed to establish a controlling issue of law is thus sufficient to deny the instant motion.