UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (IN CHAMBERS): DEFENDANT'S MOTION TO REOPEN DISCOVERY (dkt. 180, filed June 5, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION & BACKGROUND

The facts of this case are known to the parties and are set forth in this Court's prior orders on defendant R.J. Reynolds Tobacco Company's ("RJR") motion for summary judgment, dkt. 136, and plaintiffs Amanda Sateriale, Jeffrey Feinman, Pamela Burns, Patrick Griffiths, Jackie Warren, and Donald Wilson's motion for class certification, dkt. 135. The facts and procedural history most relevant to the present motion are as follows.

Plaintiffs filed this action in 2009, asserting claims for, inter alia, breach of bilateral contract and promissory estoppel. The Court dismissed the entire action with prejudice in December 2010, and plaintiffs subsequently appealed the Court's decision to the Ninth Circuit. The Ninth Circuit vacated dismissal of the breach of contract and promissory estoppel claims, reasoning that plaintiffs had "adequately alleged the existence of an offer to enter into a *unilateral* contract, whereby RJR promised to provide rewards to customers who purchased Camel cigarettes, saved Camel Cash certificates and redeemed their certificates in accordance with the catalogs' terms." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 787 (9th Cir. 2012) (emphasis added). Accordingly, the action was remanded to this Court.

On remand, the parties engaged in discovery. Discovery closed on April 14, 2014, and RJR moved for summary judgment on June 16, 2014. As is relevant here, RJR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

asserted that it was entitled to summary judgment because, <u>inter alia</u>, the undisputed evidence demonstrated that it had made cigarettes and coupons for cigarettes available for redemption with Camel Cash during the final six months of the Camel Cash program. According to RJR, since plaintiffs alleged that RJR breached the unilateral contract by failing to provide "any merchandise" for redemption, the fact that RJR provided cigarettes and coupons for cigarettes conclusively demonstrated the absence of breach. Plaintiffs, in contrast, asserted that the claim for breach survived precisely because RJR solely provided cigarettes and coupons for cigarettes for redemption—items which, according to plaintiffs, did not constitute "merchandise" within the meaning of the alleged contract.

     By order dated December 19, 2014 ("Summary Judgment Order"), the Court rejected RJR's characterization of plaintiffs' claim and denied RJR's motion. Dkt. 136. Construing the language contained in the Camel Cash—specifically, the words "goods," "stuff," and "the best"—the Court concluded that the language was ambiguous as to the nature of the "goods" RJR was obligated to provide. Noting the parties' "differing views" concerning resolution of the ambiguity, the Court cited to the depositions of named plaintiffs Fred Javaheri and Daniel Polese, both of whom testified that they drew a distinction between "merchandise" and "cigarettes"—specifically, that the latter term was not a subset of the former.

     Less than one month later, RJR filed a motion for reconsideration of the Summary Judgment Order. On April 1, 2015—before the Court denied RJR's motion for reconsideration on April 8, 2014, dkt. 156—RJR served plaintiffs with Supplemental Initial Disclosures pursuant to Federal Rule of Civil Procedure 26, Vogt Decl. Decl., Ex. 1. RJR's disclosures identified several additional fact witnesses, all of whom "will testify regarding . . . [RJR's] understanding of its commitments to consumers as a result of the Camel Cash promotions." <u>Id.</u>

     On May 4, 2015, during a hearing on plaintiffs' motion for approval of class notice, RJR acknowledged that it had served plaintiffs with supplemental disclosures and stated that it "would be happy" to make the newly identified witnesses available to plaintiffs for depositions. Stone Decl., Ex. A (Hearing Transcript) at 16:1-3. RJR also stated that it did not know if it would "need to file a motion to reopen discovery." <u>Id.</u> at 16:7-8. In light of these statements, the Court suggested that the parties stipulate to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

continue the discovery cutoff to a date that would "permit [plaintiffs] to take the depositions." Id. at 16:9-12. The parties failed to stipulate to the proposed continuance.[1]

RJR subsequently filed the instant motion to reopen discovery on June 5, 2015, dkt. 180, which plaintiffs opposed on June 15, 2015, dkt. 183. RJR replied on June 22, 2015, dkt. 189, and plaintiffs filed a sur-reply on June 29, 2015, dkt. 191. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A scheduling order may be modified only for good cause. See Fed. R. Civ. P. 16(b)(4). In determining whether to reopen discovery, the Court considers such factors as "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." G.C. & K.B. Investments, Inc. v. Zenon Komarczyk, 2008 U.S. Dist. LEXIS 48520, 2008 WL 1825905 (N.D. Cal. 2007); United States ex rel Schumer v. Hughes Aircraft, 63 F.3d 1512, 1526 (9th Cir. 1995).

## III. DISCUSSION

RJR seeks to reopen discovery from July 15, 2015 through September 15, 2015 "to permit both sides to conduct some additional discovery on key issues to be tried in the case." Mot. Reopen Disc. at 2. At bottom, RJR's motion is premised on its contention that plaintiffs refashioned their theory of the case on remand from the Ninth Circuit—namely, RJR contends that plaintiffs did not draw a distinction between "merchandise" and "*non-tobacco* merchandise" until RJR moved for summary judgment in July 2014. See id. at 2-3. In light of this, RJR states that discovery was necessarily focused on plaintiffs' claim that RJR "failed to make '*any*' Camel Cash rewards available

---

[1] Since the May 4, 2015 hearing, the Court has denied RJR's motion to certify the Summary Judgment Order for interlocutory appeal, dkt. 186, and has approved the proposed form of class notice, dkt. 188.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

after October 1, 2006," id. at 4 (emphasis in original), rather than on the *type* of rewards RJR made available. According to RJR, "[t]his change of theory, in and of itself, compels the reopening of discovery." Id.

Further, RJR correctly points out that the Court's Summary Judgment Order concluded that the ambiguity in the language of the alleged contract would be resolved by reference to extrinsic evidence. RJR contends that limited, additional discovery into relevant "extrinsic evidence regarding the parties' expectations" is thus warranted. Id. at 9. In its reply briefing, RJR further contends that the Court's conclusion that the harm caused by RJR's alleged breach was the "loss of the opportunity to redeem C-Notes for non-tobacco merchandise," dkt. 135 at 8, likewise merits reopening discovery, since this issue "arose for the first time in the Court's summary judgment order," Reply at 13.

In sum, RJR states that it will seek discovery into the following issues, should the Court grant the instant motion: (1) the expectations of the parties at the time of contracting and (2) the value of the loss of the opportunity to redeem C-Notes for non-tobacco rewards. RJR states that such discovery will entail "a limited (two hours per witness, non-duplicative questions) deposition of the three California class representatives," Mot. Reopen Disc. at 4, as well as the designation of two additional experts.[2] RJR states that one expert will "conduct a survey of non-California Camel consumers" regarding their expectations concerning the contract, id. at 6, and a second expert will opine "on the issue of the value of the 'loss of the opportunity' to redeem C-Notes for 'non-tobacco' rewards . . . as well as other issues pertaining to claimed damages," Reply at 6. RJR further states that the expert disclosures and reports will be provided to plaintiffs on or before August 5, 2015, which is 90 days before trial. Reply at 6.

The Court concludes that RJR has demonstrated good cause to reopen discovery—but not fully to the extent requested by RJR. As to the first factor in the good cause analysis, trial in this case is set for November 2015, nearly five months from now. Thus, trial is not imminent, weighing in favor of reopening discovery.

---

[2] In RJR's reply briefing, two hours per witness becomes "three additional hours." Reply at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

Second, although RJR contends that its request to reopen discovery is not opposed, plaintiffs plainly oppose reopening discovery to the extent proposed by RJR. See, e.g., Opp'n at 2 ("RJR is not entitled to reopen Plaintiffs' depositions because RJR already deposed each class representative extensively . . ."). Indeed, as RJR points out, plaintiffs contend that they are entitled to depose the witnesses identified in RJR's Rule 26 supplemental disclosures, but assert that RJR cannot "bootstrap the limited discovery . . . that was necessitated only because of RJR's belated Rule 26 disclosures [] into broad fact discovery." Id.

Turning to prejudice, plaintiffs contend that they will "incur unnecessary expense and inconvenience if RJR is permitted to reopen discovery to conduct irrelevant depositions and designate a witness on irrelevant and inadmissible issues." Opp'n at 8. First, as explained below, RJR's proposed discovery is not irrelevant. Second, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609. Here, RJR argues that its "ability to defend itself against plaintiffs' refashioned claims on critical trial issues will be severely comprised if this motion is denied." Reply at 7. While RJR's contention may be overstated, it is not without merit. Further, although plaintiffs' assert that "it is unlikely that the parties can conduct additional expert discovery" before trial, Opp'n at 8, RJR states that it will disclose any expert reports by August 5, 2015 and correctly points out that this date "is 90 days before the start of trial, and precisely what the Federal Rules require," Reply at 2. See Fed. R. Civ. P. 26(a)(2)(D) ("Absent a stipulation or a court order, the [expert] disclosures must be made: . . . at least 90 days before the date set for trial or for the case to be ready for trial[.]"). Thus, the lack of prejudice to plaintiffs weighs in favor of reopening discovery.

The fourth and fifth factors—diligence and forseeability—are largely coextensive in the case at hand. The crux of RJR's argument is that the Court's rulings following the close of discovery "have materially altered the factual and legal issues to be resolved at trial." Mot. Reopen Disc. at 6. To the extent that the Court has concluded that plaintiffs may be able to show that the harm caused by RJR's alleged breach is the loss of the opportunity to redeem Camel Cash for non-tobacco products, RJR's contention has merit. However, as the deposition transcripts submitted by plaintiffs demonstrate, RJR was well aware of plaintiffs' theory that the cigarettes and cigarette coupons offered by RJR do not constitute "merchandise." See, e.g., Stone Decl., Ex. F (Jahaveri Depo.) at 39:17-19 ("Q:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

And what obligations were those, sir? A: To have merchandise available besides cigarettes."). These two factors thus weigh in favor of permitting expert testimony concerning the harm caused by RJR's alleged breach, but against permitting duplicative questioning of plaintiffs concerning the rewards RJR was obligated to make available.

Turning to the final factor, plaintiffs contend that the subjective, unexpressed understanding of the parties concerning the meaning of the ambiguous contract terms is irrelevant. Opp'n at 6. Although RJR acknowledges that "the question ultimately presented to the jury will be an objective one," Mot. Reopen Disc. at 2, it contends that the Court must receive "all credible evidence" to resolve that ambiguity—including evidence of the parties' subjective expectations, id.

Contrary to RJR's assertion, "California recognizes the objective theory of contracts [], under which '[i]t is the objective intent, as evidenced by the words of the contract, rather than the subjective intent of one of the parties, that controls interpretation.' " Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc., 109 Cal. App. 4th 944, 956 (2003) (internal citation omitted) (quoting Titan Group, Inc. v. Sonoma Valley County Sanitation Dist., 164 Cal. App. 3d 1122, 1127 (1985)); accord Kashmiri v. Regents of Univ. of California, 156 Cal. App. 4th 809, 838 (2007) ("Although the intent of the parties determines the meaning of the contract, the relevant intent is the objective intent as evidenced by the words used by the parties and not either party's subjective intent."). "The parties' *undisclosed* intent or understanding is irrelevant to contract interpretation." Id. (citing Winograd v. American Broadcasting Co., 68 Cal. App. 4th 624, 632 (1998) and Berman v. Bromberg, 56 Cal. App. 4th 936, 948 (1997)) (emphasis added).

When a contract is ambiguous, however, "[p]arol or extrinsic evidence is admissible to resolve [the] ambiguity." WYDA Associates v. Merner, 42 Cal. App. 4th 1702, 1710 (1996) (citing, inter alia, Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co., 69 Cal. 2d 33, 38 (1968)). "Such evidence includes testimony as to the circumstances surrounding the making of the agreement . . . including the object, nature and subject matter of the writing so that the court can place itself in the same situation in which the parties found themselves at the time of contracting." Pac. Gas, 69 Cal. 2d at 40 (internal citations and quotations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:09-cv-08394-CAS(SSx) | Date | July 8, 2015 |
|---|---|---|---|
| Title | AMANDA SATERIALE ET AL. V. RJ REYNOLDS TOBACCO CO. | | |

Accordingly, while plaintiffs' unexpressed subjective contractual expectations are not relevant, evidence concerning the circumstances surrounding contract formation is relevant. Thus, without making any rulings regarding the admissibility of any evidence, the Court concludes that RJR should be able to conduct limited depositions of named plaintiffs concerning such circumstances. Likewise, RJR should be permitted to survey both California and non-California Camel consumers to discern reasonable, objective expectations concerning the alleged contract. Finally, RJR should be allowed to procure an expert to opine on the relevant theory of damages.

In summary, RJR's motion is GRANTED. Specifically, the Court finds good cause to reopen discovery as follows:

(1) Depositions of RJR's New Fact Witnesses: Plaintiffs may depose the witnesses disclosed by RJR in its supplemental Rule 26 disclosures. These depositions shall be limited to topics relevant to contract interpretation under California law.

(2) Depositions of Three Named Plaintiffs: RJR may re-depose the named, California plaintiffs for no longer than two hours per plaintiff. RJR shall pose non-duplicative questions on topics relevant to contract interpretation under California law.

(3) Expert Testimony: RJR may seek to adduce expert evidence both as to the harm suffered by plaintiffs as a result of the alleged breach, and as to the interpretation of data obtained from RJR's proposed survey of Camel consumers. Plaintiffs may depose each expert and procure rebuttal experts.

## IV. CONCLUSION

In accordance with the forgoing, RJR's motion is GRANTED. Discovery into the limited issues discussed above is hereby REOPENED until **September 15, 2015**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |