Marc K. Callahan (State Bar No. 156616)
John A. Vogt (State Bar No. 198677)
Ann T. Rossum (State Bar No. 281236)
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539
Email: javogt@jonesday.com

Geoffrey K. Beach (Admitted *Pro Hac Vice*)
Howell A. Burkhalter (Admitted *Pro Hac Vice*)
hburkhalter@wcsr.com
WOMBLE CARLYLE SANDRIDGE & RICE LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3504
Facsimile: (336) 733-8437

Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA SATERIALE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> R.J. REYNOLDS TOBACCO CO., <br><br> Defendant. | CASE No. CV 09 08394 CAS (SSx) <br><br> **STIPULATION OF CLASS ACTION SETTLEMENT** |

# STIPULATION OF CLASS ACTION SETTLEMENT

This Stipulation of Class Action Settlement (the "Agreement" or "Settlement") is entered into by and among Plaintiffs Daniel Polese, Heather Polese, Fred Javaheri, Jeffrey Feinman, Richard Holter, Donald Wilson, and Jackie Warren (collectively, "Plaintiffs"), for themselves individually and on behalf of the Settlement Class (defined herein), and Defendant R.J. Reynolds Tobacco Company ("Reynolds" or "Defendant"). Plaintiffs and Defendant are collectively referred to as the "Parties."[1] This Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

## RECITALS

**WHEREAS**, on November 16, 2009, the matter *Sateriale, et. al. v. R.J. Reynolds Tobacco, Co.*, U.S.D.C. Case No. CV 09 08394 CAS (SSX) ("*Sateriale*" or the "Action"), was filed in United States District Court for the Central District of California, styled as a nationwide putative class action, and alleging claims for damages and injunctive relief for: (1) violation of California's Unfair Competition Law ("UCL"), Business & Professions Code, §17200, et seq.; (2) violation of California's Consumer Legal Remedies Act ("CLRA"); (3) breach of contract; and (4) promissory estoppel.

**WHEREAS**, on December 7, 2010, the district court issued an order dismissing the Third Amended Complaint in *Sateriale* with prejudice, which Plaintiffs timely appealed.

**WHEREAS**, on July 13, 2012, the Ninth Circuit issued its decision in *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777 (9th Cir. 2012), which

---

[1] Except as otherwise specified, defined terms shall have the meanings set forth in Section I of this Agreement.

affirmed the district court's dismissal of Plaintiffs' UCL and CLRA claims, but reversed the district court's dismissal of Plaintiffs' breach of contract and promissory estoppel claims.

**WHEREAS**, on December 21, 2012, Reynolds answered the Third Amended Complaint, denying the substance of the claims and allegations asserted and raising numerous defenses.

**WHEREAS**, on June 16, 2014, Plaintiffs moved for class certification.

**WHEREAS**, on December 19, 2014, the district court certified a class of "All persons in California who, as adult smokers, were assigned registration numbers by RJR, collected C-Notes, and held C-Notes as of October 1, 2006." The district court denied certification of a nationwide class and denied certification of Plaintiffs' promissory estoppel claim.

**WHEREAS**, on July 8, 2015, the district court reopened discovery.

**WHEREAS**, on September 17, 2015, Reynolds moved to decertify the class based upon new evidence obtained after discovery was reopened.

**WHEREAS**, on September 17, 2015, Reynolds communicated to Plaintiffs that Reynolds intended to unilaterally provide specific performance to the class, and move to conditionally dismiss the Action as moot.

**WHEREAS**, on November 13, 2015, the Parties participated in full-day private mediation before The Honorable Stephen Crane (Ret.) of JAMS in New York, at which the Parties, through arm's length negotiations, were able to reach an agreement on a settlement.

**WHEREAS**, Plaintiffs and Class Counsel have conducted a thorough examination of the law and facts relating to the matters at issue in the Action regarding Plaintiffs' claims and Reynolds' potential defenses, including an assessment of risk associated with Reynolds' motion to decertify the class.

**WHEREAS**, based on an analysis of the facts and the law applicable to Plaintiffs' claims in the Action, and taking into account the burden and expense of

such litigation, including the risks and uncertainties associated with a protracted trial and appeals, as well as the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Plaintiffs and Class Counsel have concluded that this Settlement provides substantial benefits to the Settlement Class, and is fair, reasonable, adequate, and in the best interest of Plaintiffs and the Settlement Class.

**WHEREAS**, Reynolds has similarly concluded that this Agreement is desirable in order to avoid the time, risk and expense of defending protracted litigation, and to resolve finally and completely the claims of Plaintiffs and the Settlement Class.

**NOW, THEREFORE**, the Parties stipulate and agree that any and all Released Claims against Reynolds and all other Released Parties, shall be finally settled and resolved on the terms and conditions set forth in this Agreement, subject to Court approval, as a fair, reasonable and adequate settlement.

## AGREEMENT

**I.   DEFINITIONS**

As used herein, in addition to any definitions set forth elsewhere in this Agreement, the following terms shall have the meanings set forth below:

1.1.   "*Action*" means the case captioned *Sateriale, et. al. v. R.J. Reynolds Tobacco, Co.*, U.S.D.C. Case No. CV 09 08394 CAS (SSX).

1.2.   "*Agreement*" means this Stipulation of Class Action Settlement (including all exhibits and attachments hereto).

1.3.   "*Class Counsel*" means attorneys Jeffrey Squire, Lawrence Eagel, and David J. Stone of Bragar Eagel Squire, PC, and Lionel Z. Glancy, Marc Godino, and Kevin F. Ruf of Glancy Prongay & Murray LLP.

1.4.   "*Class Representatives*" means Plaintiffs Daniel Polese, Heather Polese, and Fred Javaheri.

1.5.   "*Court*" means the United States District Court for the Central District of California, The Honorable Christina A. Synder (or any judge sitting in her stead

or to whom the Action may be transferred) presiding.

1.6. "***Defendant's Counsel***" means attorneys Peter Biersteker and John A. Vogt of Jones Day, and Geoff Beach of Womble Carlyle Sandridge & Rice LLP.

1.7. "***Effective Date***" means one business day following the latest of: (i) the date upon which the time expires for filing or noticing any appeal of the Judgment; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees and reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Judgment.

1.8. "***Fairness Hearing***" means the hearing before the Court where the Parties will request that the Judgment be entered by the Court finally approving the Settlement as fair, reasonable and adequate, and approving the Fee Award.

1.9. "***Fee Award***" means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

1.10. "***Incentive Awards***" means the amount of remuneration to be paid to the Plaintiffs in recognition of their efforts on behalf of the Settlement Class.

1.11. "***Judgment***" means, collectively, the orders in the forms attached as Exhibits B ([Proposed] Final Approval Order) and C ([Proposed] Final Judgment) to this Agreement to be entered by the Court finally approving this Agreement and entering final judgment without material modifications to the proposed order, proposed judgment or this Agreement that are unacceptable to the Parties.

1.12. "***Notice Date***" means the date upon which Settlement Class Notice is first disseminated to the Settlement Class.

1.13. "***Notice Expenses***" means all reasonable costs and expenses expended in the execution of the Notice Plan, including (i) all reasonable costs and expenses incurred in connection with preparing, printing, mailing, disseminating, posting, promoting, e-mailing, hosting on the Internet and publishing the Settlement Class Notice, identifying members of the Settlement Class and informing them of the Settlement, and (ii) any other reasonable and necessary Notice and Notice-related expenses.

1.14. "***Notice Plan***" means the plan described in Section VII of this Agreement for disseminating Notice to the Settlement Class Members of the terms of this Agreement and the Fairness Hearing.

1.15. "***Objection Deadline***" means the date by which Settlement Class Members must file and postmark all required copies of any written objections to this Settlement Agreement, which shall be sixty (60) days following the Notice Date.

1.16. "***Offer of Specific Performance***" means the offer that Reynolds shall make to the Releasing Parties, the terms of which are fully set forth in Exhibits A-1 and A-2 hereto.

1.17. "***Parties***" means, collectively, Daniel Polese, Heather Polese, Fred Javaheri, Jeffrey Feinman, Richard Holter, Donald Wilson, Jackie Warren, and R.J. Reynolds Tobacco Co., Inc..

1.18. "***Person***" means any individual, corporation, trust, partnership, limited liability company or other legal entity and their respective predecessors, successors or assigns.  The definition of "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.19. "***Plaintiffs***" means, collectively, Daniel Polese, Heather Polese, Fred Javaheri, Jeffrey Feinman, Richard Holter, Donald Wilson, and Jackie Warren.

1.20. "***Preliminary Approval***" means the Court's Order preliminarily

approving this Settlement without material modifications to the proposed order or this Agreement that are unacceptable to the parties. A Proposed Preliminary Approval Order is attached to this Agreement as Exhibit D.

1.21. "***Released Claims***" means any and all claims or causes of action of every kind and description (including any causes of action in law, claims in equity, complaints, suits or petitions) and any allegations of wrongdoing (including but not limited to any assertions of liability, debts, legal duties, torts, unfair or deceptive practices, statutory violations, contracts, agreements, obligations, promises, promissory estoppel, detrimental reliance, or unjust enrichment) and any demands for legal, equitable or administrative relief (including but not limited to any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest, or expenses) that the Releasing Parties had or have (including but not limited to assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted in the Action or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected in any way with the claims or causes of action of every kind and description that were brought, alleged, argued, raised, or asserted in any pleading or court filing in the Action.

1.22. "***Released Parties***" means Reynolds and its respective predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers,

reinsurers, subrogees and assigns of any of the foregoing, as well as Plaintiffs and Class Counsel. Each of the Released Parties may be referred to individually as a "Released Party."

1.23. "**Releasing Parties**" means Reynolds, Plaintiffs, any Person in the Settlement Class, any Person claiming or receiving a Settlement Benefit, and each of their respective spouses, children, heirs, associates, co-owners, attorneys, agents, administrators, executors, devisees, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, employees, or affiliates. Each of the Releasing Parties may be referred to individually as a "Releasing Party."

1.24. "**Settlement Administration Expenses**" means Notice Expenses (defined above) and all other reasonable and necessary expenses incurred by the Settlement Administrator in handling the administration of the Settlement and performing the services it is obligated to perform under this Agreement related to administration of the Settlement.

1.26. "**Settlement Administrator**" means, subject to approval of the Court, The Angeion Group, which will oversee the Notice Plan and related obligations..

1.27. "**Settlement Benefit**" means the benefit a Settlement Class Member may receive pursuant to this Agreement.

1.28. "**Settlement Class**" means and includes Plaintiffs, and all persons in California who, as adult smokers, were assigned registration numbers by Reynolds, collected C-Notes, and held C-Notes as of October 1, 2006, as certified by the Court on December 19, 2014. Excluded from the Settlement Class are: (1) the Judges presiding over the Action, and members of their families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) any person that opted out of the class that the Court certified on December 19, 2014..

1.29. "**Settlement Class Member**" or "**Class Member**" means an individual who falls within the definition of the Settlement Class as set forth in this Agreement.

1.30. "**Settlement Class Notice**" or "**Notice**" means the form of Court-approved notice of this Agreement that is disseminated to the Settlement Class. The Parties have proposed that the Court approve notice in the form attached to this Agreement as Exhibit E.

1.31. "**Settlement Website**" means the website to be created, launched, and maintained by the Settlement Administrator.

1.32. "**Unknown Claims**" shall have the meaning set forth in Section IV of this Agreement.

## II. FOR SETTLEMENT PURPOSES ONLY

2.1. This Agreement, whether or not consummated, and any actions or proceedings taken pursuant to this Agreement, are for settlement purposes only and Reynolds specifically denies any and all wrongdoing. The existence of, terms in, and any action taken under or in connection with this Agreement shall not constitute, be construed as, or be admissible in evidence as, any admission by Reynolds of (i) the validity of any claim, defense or fact asserted in the Action or any other pending or future action, or (ii) any wrongdoing, fault, violation of law, or liability of any kind on the part of the Parties.

## III. REQUIRED EVENTS AND COOPERATION BY PARTIES

3.1. <u>Preliminary and Final Approval</u>. Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court and shall move the Court to enter a Preliminary Approval Order, in the form attached as Exhibit D.

3.2. <u>Cooperation</u>. The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish the events required in Section 3.1 of this Agreement on the schedule set by the Court, subject to the terms of this Agreement.

3.3. <u>Final Approval</u>.  Within 10 days of the Court issuing preliminary approval of this Settlement, Reynolds shall notify the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

**IV.   RELEASES**

4.1. <u>The Release</u>.  Upon the Effective Date, and in consideration of the Settlement Benefits described herein, each Releasing Party shall be deemed to have released, acquitted and forever discharged Reynolds and each of the Released Parties from any and all Released Claims.

4.2. <u>Unknown Claims</u>. The Released Claims include the release of Unknown Claims.  "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement.  Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law

of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiffs, the Settlement Class, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

4.3. <u>Exclusive Remedy</u>. This Agreement shall be the sole and exclusive remedy of the Releasing Parties against any of the Released Parties relating to any and all Released Claims. . Upon the entry of the Judgment, each and every Releasing Party shall be permanently barred and enjoined from initiating, asserting and/or prosecuting any Released Claim(s) against any of the Released Parties in any court, arbitration, tribunal, forum or proceeding.

4.4. <u>Jurisdiction of the Court</u>. The Parties agree that the Court shall retain exclusive and continuing jurisdiction over the above-captioned Action, the Parties, Settlement Class Members, and the Settlement Administrator in order to interpret and enforce the terms, conditions, and obligations of this Agreement.

## V.  **SETTLEMENT BENEFITS**

5.1. <u>Offer of Specific Performance</u>. Within sixty (60) days of the Effective Date, Reynolds shall commence the specific performance set forth in Exhibits A-1 and A-2 hereto.

## VI. **SETTLEMENT ADMINISTRATION**

6.1. <u>Dissemination of Notices</u>. The Settlement Administrator shall disseminate the Settlement Class Notice as provided in Section VII of this Agreement.

6.2. <u>Maintenance of Records</u>. The Settlement Administrator shall maintain

1  reasonably detailed records of its activities under this Agreement. The Settlement
2  Administrator shall maintain all such records as required by applicable law in
3  accordance with its business practices and such records will be made available to
4  Class Counsel and Defendant's Counsel upon request. The Settlement
5  Administrator shall also provide reports and other information to the Court as the
6  Court may require. Upon request, the Settlement Administrator shall provide Class
7  Counsel and Defendant's Counsel with information concerning Notice,
8  administration, and implementation of the Settlement.

9        6.3.   <u>Creation of Settlement Website</u>. The Settlement Administrator shall
10 create the Settlement Website. The Settlement Website shall contain relevant
11 documents, including but not limited to a copy of the Settlement Class Notice, this
12 Agreement, the Preliminary Approval Order entered by the Court, and the operative
13 complaint in the Action. The Settlement Website shall also include a toll free
14 telephone number and mailing address through which Settlement Class Members
15 may contact the Settlement Administrator directly.

16       6.4.   <u>Payment of Notice and Settlement Administration Expenses</u>. Class
17 Counsel shall pay or cause to be paid all Settlement Administration Expenses.
18 Class Counsel shall pay or cause to be paid all Notice expenses related to online
19 advertising and social media outreach notifications. Class Counsel and Reynolds
20 shall split the expenses related to publication of Notice in news outlets, with
21 Reynolds responsibility for such costs capped at $20,000.00. Reynolds shall pay or
22 cause to be paid all Notice expenses related to e-mail notifications.

23 **VII.  <u>SETTLEMENT CLASS NOTICE</u>**

24       7.1.   <u>Notice</u>. Within twenty-one (21) days after Preliminary Approval of
25 this Agreement, including the form and content of the Settlement Class Notice, the
26 Settlement Administrator shall provide Notice, substantially in the form attached as
27 Exhibit E, as approved by the Court, to the Settlement Class as follows:
28           a.   The Settlement Administrator will provide Notice to all

members of the Settlement Class in the same manner as notice was provided pursuant to the Court's August 10, 2015 order (Dkt. No. 196);

b. The Settlement Administrator shall create and maintain an Internet website housing the information contained in the Notice along with other information consistent with industry standards; and,

c. The Settlement Administrator shall provide a report to the parties summarizing its efforts undertaken to satisfy items (a)-(b) above, including the fees and expenses incurred in its work. .

7.2. <u>Contents of the Settlement Class Notice</u>. The Settlement Class Notice shall be in the form as Exhibit E hereto.

## VIII. **RIGHT TO OBJECT OR COMMENT**

8.1. <u>Right to Object or Comment</u>. Any Settlement Class Member may comment in support of or in opposition to the Settlement and may do so in writing, in person, or through counsel, at his or her own expense, at the Fairness Hearing. Except as the Court may order otherwise, no Settlement Class Member objecting to the Settlement shall be heard and no papers, briefs, pleadings, or other documents submitted by any such Settlement Class Member shall be received and considered by the Court unless such Settlement Class Member shall both file with the Court and mail to Class Counsel and Defendant's Counsel a written objection with the caption *Sateriale, et. al. v. R.J. Reynolds Tobacco, Co.*, U.S.D.C. Case No. CV 09 08394 CAS (SSX), that includes: (i) the Settlement Class Member's full name, current address, telephone number, and Registration Number in the Reynolds' smoker database, (ii) a signed declaration that he or she believes himself or herself to be a member of the Settlement Class, (iii) the specific grounds for the objection, (iv) all documents or writings that the Settlement Class Member desires the Court to consider, and (vi) a statement regarding whether they (or counsel of their choosing) intend to appear at the Fairness hearing. All written objections must be filed and postmarked no later than the Objection Deadline. Any Settlement Class

Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in the Action or in any other action or proceeding. While the statement described in subsection (ii) above is prima facie evidence that the objector is a member of the Settlement Class, Plaintiffs and/or Defendant may take discovery regarding the matter, subject to Court approval.

## IX. TERMINATION OF THE AGREEMENT

9.1. The Class Representatives (on behalf of the Settlement Class Members) and Defendant shall each have the right to terminate this Agreement by providing written notice of their or its election to do so ("Termination Notice") within seven (7) days of the Court's refusal to grant Preliminary Approval of the Agreement in any material respect or within fourteen (14) days of any of the following: (i) the Court's refusal to enter the Judgment in any material respect, or (ii) the date upon which the Judgment is modified or reversed in any material respect by any appellate or other court.

## X. FEE AWARD AND COSTS

10.1. <u>Fee Award</u>. After a full day of mediation, Class Counsel and Reynolds, through arms-length and good faith negotiations, have agreed on an award of attorney's fees and costs to be paid to Class Counsel in the amount of $4,750,000.00, which is below Class Counsel's lodestar fees. From that amount, Class Counsel has agreed to pay Incentive Awards to the Plaintiffs, as well as the costs of Notice and Settlement Administration Expenses set forth in Paragraph 6.2. Reynolds shall pay or cause to be paid to Class Counsel the Fee Award within thirty (30) days after the Judgment and the receipt by Reynolds of sufficient written wire instructions from Class Counsel. In the event that the Judgment is reversed, vacated, or set aside, Class Counsel shall repay Reynolds the Fee Award, with interest, calculated at the 1-Year T-Bill rate at the time.

10.2. <u>Tax Forms</u>. Prior to the disbursement or payment of the Fee Award

under this Agreement, Class Counsel shall provide to Reynolds and the Settlement Administrator a properly completed and duly executed IRS Form W-9.

## XI. JUDGMENT

11.1. This Agreement is subject to and conditioned upon the issuance by the Court of the Judgment, which will grant final approval of this Agreement and among other things shall:

    a. Dismiss the Action with prejudice and without costs, except as contemplated by this Agreement;

    b. Decree that neither the Judgment nor this Agreement constitutes an admission by Defendant of any liability or wrongdoing whatsoever;

    c. Bar and enjoin all Releasing Parties from asserting against any of the Released Parties any and all Released Claims;

    d. Release each Released Party from any and all Released Claims;

    e. Determine that this Agreement is entered into in good faith and represents a fair, reasonable and adequate settlement that is in the best interests of the members of the Settlement Class; and

    f. Preserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant and all Settlement Class Members, to administer, supervise, construe and enforce this Agreement in accordance with its terms for the mutual benefit of the Parties, but without affecting the finality of the Judgment.

## XII. REPRESENTATIONS AND WARRANTIES

12.1. Each signatory to this Agreement represents and warrants (i) that he, she, or it has all requisite power and authority to execute, deliver and perform this Agreement and to consummate the transactions contemplated herein, (ii) that the execution, delivery and performance of this Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (iii) that this Agreement has been

duly and validly executed and delivered by each signatory, and constitutes its legal, valid and binding obligation.

## XIII. NO ADMISSION OF LIABILITY OR WRONGDOING

13.1. This Agreement, whether or not consummated, and any negotiations, proceedings or agreements relating to this Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements:

    a.    Shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms hereof;

    b.    Shall not be described as, construed as, offered or received against the Released Parties as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of any fact alleged by Plaintiffs; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Released Parties; and

    c.    Shall not be described as or construed against the Released Parties, Plaintiffs, or any Settlement Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to said Plaintiffs or the members of the Settlement Class after trial.

## XIV. MISCELLANEOUS PROVISIONS

14.1. <u>Entire Agreement</u>. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. Each of the Parties to this Agreement acknowledges that no other Party to this Agreement, nor any agent or attorney of any such party, has made any promise, representation, or warranty,

express or implied, not contained in this Agreement to induce either party to execute this Agreement.  Neither Party is relying on the other Party or their agents or attorneys and rather each Party decided to resolve the dispute in their own independent determination and judgment.  This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval.  The Parties contemplate that, subject to Court approval or without such approval where legally permissible, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

14.2. <u>Governing Law</u>.  This Agreement shall be construed under and governed by the laws of the State of California, applied without regard to laws applicable to choice of law.

14.3. <u>Execution by Counterparts</u>.  This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Facsimile signatures or signatures sent via e-mail shall be treated as original signatures and shall be binding.

14.4. <u>Notices</u>.  Any notice, instruction, application for Court approval or application for Court orders sought in connection with this Agreement or other document to be given by any Party to any other Party shall be in writing and delivered personally or sent by registered or certified mail, postage prepaid, if to Defendant to the attention of Defendant's Counsel, or if to Plaintiffs or the Settlement Class to Class Counsel, or to other recipients as the Court may specify. All notices to the Parties or counsel required by this Agreement shall be made in writing and communicated by mail and e-mail to the following addresses:

| If to Plaintiffs or Class Counsel: | If to Defendant or Defendant's Counsel: |
|---|---|
| David Stone, Esq.<br>camelcash@bespc.com<br>Bragar Eagel Squire, PC | Peter J. Biersteker, Esq.<br>pbiersteker@jonesday.com<br>John A. Vogt, Esq. |

| 885 3rd Ave., Suite 3040<br>New York, NY 10022 | javogt@jonesday.com<br>JONES DAY<br>3161 Michelson Drive, Suite 800<br>Irvine, CA 92612 |
|---|---|

14.5. <u>Binding Effect</u>.  This Agreement shall be binding upon and inure to the benefit of the heirs, successors, assigns, executors and legal representatives of each of the Parties hereto.

14.6. <u>Construction</u>.  For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

14.7. <u>Severability</u>.  The waiver or breach by one Party of any provision of this Agreement shall not be deemed a waiver or breach of any other provision of this Agreement.

14.8. <u>Integration of Exhibits</u>.  The exhibits to this Agreement and any exhibits thereto are an integral and material part of the Settlement and are hereby incorporated and made a part of the Agreement.

14.9. <u>Recitals</u>.  The recitals contained in this Agreement are incorporated into this Agreement and are made a part hereof.

14.10. <u>Headings</u>.  The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

14.11. <u>Taxability</u>. Defendant does not make and has not made any representations regarding the taxability of any Settlement Benefit, Fee Award and/or any other payments made pursuant to this Agreement.  Plaintiffs, Class Representatives and Class Counsel on behalf of themselves and the Settlement Class Members) represent that that they have not relied upon any representation of Defendant or its attorneys or the Settlement Administrator on the subject of

taxability of any consideration provided under this Agreement. Plaintiffs, Class Representatives and Class Counsel (on behalf of themselves and the Settlement Class Members) understand and expressly agree that any income or other tax, including any interest, penalties or other payment obligations ultimately determined to be payable from or with respect to any Settlement Benefit, Fee Award and/or any other payments made pursuant to this Agreement, as well as any state or federal reporting obligations imposed on them arising therefrom or attributable thereto, shall not be Defendants' responsibility.

**IN WITNESS WHEREOF**, each of the Parties hereto has caused this Agreement to be executed on its behalf by its duly authorized counsel of record, all as of the day set forth below:

Dated: January 6, 2016

JONES DAY

By: /s/ Peter J. Biersteker

Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

Dated: January 6, 2016

BRAGAR EAGEL & SQUIRE, P.C.

By: /s/ David J. Stone

Attorneys for Plaintiffs and the Settlement Class

Dated: January 6, 2016

R.J. REYNOLDS TOBACCO CO.

By: /s/ Martin L. Holton

General Counsel
R.J. REYNOLDS TOBACCO CO.