Marc K. Callahan (State Bar No. 156616)
John A. Vogt (State Bar No. 198677)
Ann T. Rossum (State Bar No. 281236)
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539
Email: javogt@jonesday.com

Geoffrey K. Beach (Admitted *Pro Hac Vice*)
Howell A. Burkhalter (Admitted *Pro Hac Vice*)
hburkhalter@wcsr.com
WOMBLE CARLYLE SANDRIDGE & RICE LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3504
Facsimile: (336) 733-8437

Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMANDA SATERIALE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO CO.,<br><br>Defendant. | CASE No. CV 09 08394 CAS (SSx)<br><br>[PROPOSED] PRELIMINARY APPROVAL ORDER |

The Court has considered the Parties' Stipulation of Class Action Settlement entered into by and among Defendant R.J. Reynolds Tobacco Co., Inc. ("Reynolds") and Plaintiffs Daniel Polese, Heather Polese, Fred Javaheri, Jeffrey Feinman, Richard Holter, Donald Wilson, and Jackie Warren (collectively, "Plaintiffs"), for themselves individually and, as to Plaintiffs Daniel Polese, Heather Polese and Fred Javaheri, as Plaintiffs and Class Representatives (collectively the "Parties"), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel, and the record in the Action, and good cause appearing,

It is hereby ORDERED, ADJUDGED, and DECREED THAT::

1. <u>Defined Terms</u>. Terms and phrases in this Order not otherwise defined herein shall have the same meaning as ascribed to them in the Parties' Stipulation of Class Action Settlement (ECF No. 212) (the "Settlement Agreement").

2. <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all members of the Settlement Class.

3. <u>Preliminary Findings</u>.  The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement. Based on this preliminary evaluation, the Court finds that: (1) the Settlement Agreement is reasonable and merits further proceedings and possible final approval, and (2) the Settlement Agreement has been negotiated in good faith as the result of arm's length negotiations between experienced attorneys familiar with the legal and factual issues of this case.  Accordingly, the Court grants preliminary approval of the Settlement.

4. <u>Settlement Administrator</u>.  Pursuant to the agreement of the Parties, the Court hereby appoints The Angeion Group as the Settlement Administrator.

5. <u>Settlement Class Notice</u>.  Finding that the Settlement Class Notice set forth in Exhibit E to the Settlement Agreement will reasonably inform Settlement

Class Members of their rights related to this Action and that the Notice Plan set forth in the Settlement Agreement is both reasonable and the best notice practicable under the circumstances, the Court hereby approves the Settlement Class Notice and the Notice Plan attached as Exhibit E to the Settlement Agreement. Accordingly, the Parties shall distribute the Settlement Class Notice to the Settlement Class Members in accordance with the Notice Plan.

6. <u>Approval of Objection Deadline</u>. The Court hereby approves and sets the Objection Deadline (as that term is defined in the Settlement Agreement) to occur or expire on the date that is sixty (60) days following the date on which notice is provided to eligible Settlement Class Members in accordance with the preceding Paragraph 5.

7. <u>Fairness Hearing</u>. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing on May 2, 2016 at 10:00 a.m., located at 312 North Spring Street, Courtroom 5, Los Angeles, California 90012, to further consider the Settlement Agreement and to hear from interested parties. Members of the Settlement Class may comment on, support, or object to the Settlement by filing with this Court and serving on all Parties a brief in support of or opposition to the Settlement. Any such filings must conform with the requirements listed in Section 8.2 of the Settlement Agreement and must be filed and served no later than sixty (60) days after notice is provided to Settlement Class Members consistent with Paragraph 8 of this Order. At the Fairness Hearing, the Court also will consider the Fee Award to Class Counsel and Incentive Awards to the Plaintiffs. Briefs in support of such awards, and any supporting documentation, shall be filed no later than fourteen (14) days prior to the Objection Deadline. Plaintiffs' motion seeking final approval of the proposed settlement, and any supporting documentation, shall be filed no later than seven (7) days prior to the Final Fairness Hearing set forth above.

/ / /

8. <u>Termination of Settlement</u>. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement Agreement is terminated according to Section 9.1 of the Settlement Agreement.

9. <u>Use of Order</u>. This Order shall not be used by any Party or otherwise construed as an admission, concession, or presumption by or against any of the Released Parties of any fault, wrongdoing, or liability or waiver of any claim or defense that he, she, or it may have in the event that the Settlement is not finally approved or the Settlement Agreement is terminated.

IT IS SO ORDERED.

Dated this 19th day of January, 2016

*[signature: Christina A. Snyder]*

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT COURT